UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEXIA DODD,

                      Plaintiff,

   -v-                                    CIVIL ACTION NO. 25 Civ. 3450 (JHR) (SLC)

STATE OF NEW YORK, et al.,            **ORDER**

                      Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

    This action has been referred, pursuant to 28 U.S.C. § 636(b)(1)(A)–(C), to Magistrate Judge Sarah L. Cave for general pretrial management and dispositive motions. (ECF No. 5). General pretrial management includes scheduling discovery, non-dispositive pretrial motions, and settlement. All pretrial motions and applications, including those relating to scheduling and discovery, and dispositive motions must be made to Judge Cave and in compliance with this Court's Individual Practices, available on the Court's website at https://nysd.uscourts.gov/hon-sarah-l-cave.

    On April 25, 2025, pro se Plaintiff Alexia Dodd filed a proposed order to show cause for preliminary injunction and temporary restraining order together with her declaration in support thereof. (ECF Nos. 1, 2 (the "Application")). Ms. Dodd declares that during her employment as an administrative law judge at the New York State Department of Motor Vehicles, "employees sprayed Lysol, Febreeze, and other aerosols into the air from the multiple cans . . . that [she] saw [in the workplace] and that were left throughout the office and courtrooms by the State of New York for employees to spray into the air." (ECF No. 2 ¶¶ 2, 3). The aerosols cause Ms. Dodd

"severe respiratory distress if [she is] exposed to" them.  (Id. ¶ 2).  After notifying her employer of her condition and experiencing "respiratory distress requiring [her] pulmonologist to prescribe medications" because of the aerosols in the workplace, Ms. Dodd requested remote work accommodations.  (Id. ¶¶ 3–6).  Then Defendant Paula Gaylord stated in an April 22, 2025 email to Ms. Dodd that she had "been informed [that Ms. Dodd was] refusing to come to work[,]" had previously informed Ms. Dodd that remote work was "not an option for" her position, and that if Ms. Dodd did not return a form from her doctor within three days from the email—including "a diagnosis" to explain her absence from work—Ms. Dodd "may face further administrative action including possible recommendation for termination of employment."  (Id. ¶ 7; ECF No. 2 at 12).

Ms. Dodd specifically seeks to restrain and preliminarily enjoin Defendants from (i) "terminat[ing her] employment or threatening to terminate [her] employment and to stop harassing, intimidating or retaliating against [her] in any fashion[,]"and (ii) violating or failing to adhere to the Americans with Disabilities Act by refusing to provide her "with an accommodation as [o]rdered by [her] doctor."  (ECF No. 2 ¶ 8).

Ms. Dodd has not filed proof of service of the Application on Defendants or "certifi[ed] in writing any efforts made to give notice and the reasons why [notice to Defendants of the Application] should not be required[,]" so a temporary restraining order may not issue at this time.  Fed. R. Civ. P. 65(b)(1)(B).  Moreover, notice of the Application on Defendants is required before a preliminary injunction may issue.  Fed. R. Civ. P. 65(a)(1).

Accordingly, on or before **May 9, 2025**, Ms. Dodd shall either (i) supplement the Application with the information required under Federal Rule of Civil Procedure 65(b)(1) for the

2

issuance of a temporary restraining order without notice to Defendants, or (ii) file proof of service on Defendants of the Application.

Dated:   New York, New York
         April 30, 2025

SO ORDERED.

_____
SARAH L. CAVE
**United States Magistrate Judge**