UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

ALEXIA DODD,

                Plaintiff,

-v-                              CIVIL ACTION NO. 25 Civ. 3450 (JHR) (SLC)

                                         **ORDER**

STATE OF NEW YORK, et al.,

                Defendants.
_____

**SARAH L. CAVE,** United States Magistrate Judge.

    Pro se Plaintiff Alexia Dodd filed a supplement to her proposed order to show cause for preliminary injunction and temporary restraining order and her declaration in support thereof. (ECF Nos. 1, 2, 8 (the "Application")). After the Honorable Jennifer H. Rearden referred this action for general pretrial supervision and reports and recommendations on dispositive motions (ECF No. 5), we concluded that a temporary restraining order could not immediately issue because Ms. Dodd had not fulfilled the requirements of Federal Rule of Civil Procedure 65(b)(1)(B). (ECF No. 6). We ordered Ms. Dodd to supplement the Application with information required under Rule 65(b)(1) for the issuance of a temporary restraining order without notice to Defendants, or to file proof of service on Defendants of the Application. (Id.) Ms. Dodd partially complied, and she declares that she "placed an order with ABC Legal Process Server to personally serve" Defendant State of New York. (ECF No. 8 ¶ 3 (the "Supplement")). Whether Defendants have actually received the Application, however, is uncertain on the current record.

    The Application seeks to temporarily restrain and preliminarily enjoin Defendants from (i) "terminat[ing her] employment or threatening to terminate [her] employment and to stop

harassing, intimidating or retaliating against [her] in any fashion[,]"and (ii) violating or failing to adhere to the Americans with Disabilities Act by refusing to provide her "with an accommodation as [o]rdered by [her] doctor." (ECF No. 2 ¶ 8). As we previously summarized, Ms. Dodd declares that during her employment as an administrative law judge at the New York State Department of Motor Vehicles, "employees sprayed Lysol, Febreeze, and other aerosols into the air from the multiple cans . . . that [she] saw [in the workplace] and that were left throughout the office and courtrooms by the State of New York for employees to spray into the air." (ECF No. 2 ¶¶ 2, 3). The aerosols cause Ms. Dodd "severe respiratory distress if [she is] exposed to" them. (Id. ¶ 2). After notifying her employer of her condition and experiencing "respiratory distress requiring [her] pulmonologist to prescribe medications" because of the aerosols in the workplace, Ms. Dodd requested remote work accommodations. (Id. ¶¶ 3–6). Then Defendant Paula Gaylord stated in an April 22, 2025 email to Ms. Dodd that she had "been informed [that Ms. Dodd was] refusing to come to work[,]" had previously informed Ms. Dodd that remote work was "not an option for" her position, and that if Ms. Dodd did not return a form from her doctor within three days from the email—including "a diagnosis" to explain her absence from work—Ms. Dodd "may face further administrative action including possible recommendation for termination of employment." (Id. ¶ 7; ECF No. 2 at 12). Ms. Dodd declares that "Defendants have threatened to begin termination of [her] employment on April 25, 2025. . . . If [she is] terminated from [her] employment, it would be irreparable harm to [her] because [she] would have no job and no income." (ECF No. 8 ¶ 2).

     A temporary restraining order may issue "without written or oral notice to the adverse party or its attorney only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required."

Fed. R. Civ. P. 65(b)(1).

Ms. Dodd has not provided proof of service of the Application on Defendants. Although the Supplement "certifi[ed] in writing [the] efforts [Ms. Dodd] made to give notice" to Defendant State of New York (ECF No. 8 ¶ 3), Ms. Dodd did not state "the reasons why [notice to Defendants of the Application] should not be required." Fed. R. Civ. P. 65(b)(1)(B). Even if Ms. Dodd met the requirements of Rule 65(b)(1)(B), a temporary restraining order cannot properly issue at this time because the Application does not "clearly show . . . irreparable injury, loss, or damage will result to" Ms. Dodd before Defendants "can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).

To show irreparable injury, Ms. Dodd declares that Defendants "have threatened to begin termination of [her] employment[.]" (ECF No. 8 ¶ 2). Absent certain extraordinary circumstances, which Ms. Dodd has not shown, threatened loss of permanent employment alone is not an irreparable injury sufficient to support an immediate temporary restraining order. See New Yorkers for Religious Liberty, Inc. v. New York, 125 F.4th 319, 328 (2d Cir. 2024) (stating that "except in a 'genuinely extraordinary situation,' irreparable harm is not shown in employee discharge cases simply by a showing of financial distress or difficulties in obtaining other employment"); Kane v. De Blasio, 19 F.4th 152, 171 (2d Cir. 2021) ("[W]e have held that when irreparable harm arises 'not from [an] interim discharge but from the threat of permanent discharge' a preliminary injunction is inappropriate because harm would not be 'vitiated by an

interim injunction.'"). The Application is therefore denied to the extent it seeks an immediate temporary restraining order.

Ms. Dodd's request for a preliminary injunction remains. A preliminary injunction may issue "only on notice to" Defendants. Fed. R. Civ. P. 65(a)(1). Ms. Dodd must serve Defendants with the Application and a copy of this Order. All parties will have an opportunity to be heard at a preliminary injunction hearing.

Accordingly, is it ORDERED as follows:

1. The Application is **DENIED** to the extent it seeks an immediate temporary restraining order.

2. On or before **May 23, 2025**, Ms. Dodd shall file proof of service on all Defendants of the Application and a copy of this Order.

3. A preliminary injunction hearing is scheduled for **Thursday, June 26, 2025 at 10:00 a.m. ET in person** in Courtroom 18A, 500 Pearl Street, New York, New York. The parties may jointly request a preliminary injunction briefing schedule in advance of the hearing.

Dated:    New York, New York
          May 8, 2025

SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**