UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
ALEXIA DODD                               :
                                          :
                       Plaintiff,         :          25 Civ. 03450 (JHR) (SLC)
                                          :
          -against-                       :
                                          :
STATE OF NEW YORK and the STATE           :
OF NEW YORK DEPARTMENT OF                 :
MOTOR VEHICLES,                           :
                                          :
                       Defendants.        :
------------------------------------------------------X


**MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S APPLICATION
FOR PRELIMINARY INJUNCTIVE RELIEF
AND IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

**Page (s)**

TABLE OF AUTHORITIES ....................................................................................................iii

PRELIMINARY STATEMENT ............................................................................................. 1

FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY ................................................ 3

      A.  Plaintiff's first accommodation request is granted ........................................................ 4

      B.  Plaintiff's second accommodation request is denied .................................................... 5

          1.  The duties of a TVB ALJ ................................................................................ 5

          2.  Denial of plaintiff's second accommodation request............................................ 7

      C.  The end of plaintiff's employment .................................................................................. 9

      D.  Procedural history ......................................................................................................... 10

ARGUMENT ....................................................................................................................... 10

  Legal Standards ...................................................................................................................... 11

  POINT I. PLAINTIFF'S POTENTIAL LOSS OF EMPLOYMENT DOES NOT
  CONSTITUTE IRREPARABLE HARM........................................................................... 12

  POINT II. PLAINTIFF CANNOT ESTABLISH LIKELIHOOD OF SUCCESS ON THE
  MERITS OR STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE
  PLAINTIFF FAILS TO SHOW THAT HER ACCOMMODATION REQUEST IS
  REASONABLE AND THAT SHE CAN PERFORM THE ESSENTIAL FUNCTIONS OF
  HER JOB REMOTELY...................................................................................................... 15

  POINT III. NEITHER THE BALANCE OF HARDSHIPS NOR THE PUBLIC INTEREST
  FAVORS A PRELIMIARY INJUNCTION........................................................................ 19

CONCLUSION..................................................................................................................... 20

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Am. Postal Workers Union v. USPS*,
    766 F.2d 715 (2d Cir, 1985)............................................................................................................13

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)......................................................................................................................12

*Ass'n of Jewish Camps v. Cuomo*,
    470 F. Supp. 3d 197 (N.D.N.Y. 2020)..........................................................................................19

*Assoc. of Motor Vehicle Trial Attorneys v. New York State DMV*,
    2021 N.Y. Slip Op. 33201(U) (Sup. Ct. Albany County 2021)......................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)......................................................................................................................12

*Broecker v. N.Y.C. Dept. of Educ.*,
    585 F. Supp. 3d 299 (E.D.N.Y. 2022) .........................................................................................15

*Chambers v. Time Warner, Inc.*,
    282 F.3d 147 (2d Cir. 2002)...........................................................................................................2

*Communications Workers of America, District One v. Nynex Corp.*,
    898 F.2d 887 (2d Cir. 1990).........................................................................................................15

*Conway v. Microsoft Corp.*,
    414 F. Supp. 2d 450 (S.D.N.Y. 2006)..........................................................................................18

*Cooper v. TWA Airlines, LLC*,
    274 F. Supp. 2d 231 (E.D.N.Y. 2003) .........................................................................................15

*D'Amico v. City of New York*,
    132 F.3d 145 (2d Cir. 1998)..........................................................................................................17

*Dexter 345 Inc. v. Cuomo*,
    663 F.3d 59 (2d Cir. 2011)............................................................................................................12

*Doe v. New York University*,
    1:20-cv-1343, 2021 WL 1226384 (S.D.N.Y. March 31, 2021)......................................................2

*Eng v. Smith*,
    849 F.2d 80 (2d Cir. 1988)...................................................................................................19

*Faiveley Transp. Malmo AB v. Wabtec Corp.*,
    559 F.3d 110 (2d Cir. 2009)................................................................................................12

*Graham v. L.I.R.R.*,
    230 F.3d 34 (2d Cir. 2000)..................................................................................................18

*Grand River Enter. Six Nations, Ltd. v. Pryor*,
    481 F.3d 60 (2d Cir. 2007)..................................................................................................11

*Guitard v. U.S. Sec'y of the Navy*,
    967 F.2d 737 (2d Cir, 1992).......................................................................................... 13-14

*Johnson v. New York University*,
    17-cv-6184 (VEC), 2018 WL 4908108 (S.D.N.Y. Oct. 10, 2018)...........................................18

*JTH Tax LLC v. Agnant*,
    22-cv-2385 (PKC) (CLP), 2022 WL 1556656 (E.D.N.Y. May 17, 2022) ...............................19

*Kane v. DeBlasio*,
    19 F.4th 152 (2d Cir. 2021) ................................................................................................13

*Kho v. N.Y. & Presbyterian Hosp.*,
    344 F. Supp. 3d 705 (S.D.N.Y. 2018)...................................................................................16

*LaForest v. Honeywell Int'l., Inc.*,
    03-cv-6248T, 2003 WL 80220 (W.D.N.Y. Sept. 19, 2003) ....................................................15

*Mason v. Minn. State High School League*,
    03-6402, 2003 WL 23109685 (D. Minn., Dec. 30, 2003) ......................................................20

*McBride v. BIC Consumer Prods. Mfg. Co.*,
    583 F.3d 92 (2d Cir. 2009)............................................................................................. 16-17

*N.Y. Progress & Prot. PAC v. Walsh*,
    733 F.3d 483 (2d Cir. 2013)................................................................................................11

*Natofsky v. City of New York*,
    921 F.3d 337 (2d Cir. 2019)................................................................................................16

*New Yorkers for Religious Liberty, Inc. v. New York*,
    125 F.4th 319 (2d Cir. 2024) ..............................................................................................13

iv

*Nken v. Holder*,
556 U.S. 418 (2009)................................................................................................11

*Ortiz v. New York State Dep't of Motor Vehicles*,
223 A.D.3d 438 (1st Dep't 2024) ............................................................................9

*Peck v. Montefiore Med. Ctr.*,
987 F. Supp.2d 405 (S.D.N.Y. 2013).............................................................. 19-20

*Pharaohs GC, Inc. v. United States Small Business Administration*,
990 F.3d 217 (2d Cir. 2021)....................................................................................11

*Phillip v. Fairfield Univ.*,
118 F.3d 131 (2d Cir. 1997)....................................................................................11

*Ruiz v. County of Rockland*,
609 F.3d 486 (2d Cir 2010).....................................................................................18

*Sal Tinnerello & Sons, Inc. v. Town of Huntington*,
141 F.3d 46 (2d Cir. 1998)......................................................................................19

*Salinger v. Colting*,
607 F.3d 68 (2d Cir. 2010)......................................................................................12

*Saskatchewan Healthcare Emp. Pension Plan v. K.E. Holdings, Inc.*,
718 F. Supp.3d 344 (S.D.N.Y. 2024).......................................................................2

*Savage v. Gorski*,
850 F.2d 64 (2d Cir. 1988)......................................................................................14

*School Bd. of Nassau Cnty. v. Arline*,
480 U.S. 273 (1987)................................................................................................17

*Sheng v. M&T Bank Corp.*,
848 F.3d 78 (2d Cir. 2017)......................................................................................16

*Stanley v. CUNY*,
18-cv-4844 (PAE), 2023 WL 2714181 (S.D.N.Y. Mar. 20, 2023) ................... 17-18

*United Steelworkers v. Textron, Inc.*,
836 F.2d 6 (1st Cir. 1987).......................................................................................15

*V.D. v. State*,
403 F. Supp. 3d 76 (E.D.N.Y. 2019) ......................................................................19

v

*Vollmer v. Xerox Corp.*,
    20-cv-6979 (CJS), 2021 WL 50907 (W.D.N.Y. Jan. 6, 2021) ...............................................15

*Whelan v. Colgan*,
    602 F.2d 1060 ................................................................................................................14

*Winter v. NRDC, Inc.*,
    555 U.S. 7 (2008)............................................................................................................11

*Yang v. Kosinski*,
    960 F.3d 119 (2d Cir. 2020)............................................................................................19

## State Statutes

State Human Rights Law, N.Y ...............................................................................................10

Vehicle and Traffic Law ("VTL") ...................................................................................3, 6, 8

VTL
    § 225..................................................................................................................................3
    § 225(1)..........................................................................................................................3, 8

## Federal Statutes

ADA.......................................................................................................................................16

Americans with Disabilities Act, 42 U.S.C.
    §12101, *et seq.* ...............................................................................................................10

Rehabilitation Act ............................................................................................................10, 16

Rehabilitation Act, 29 U.S.C.
    §701, *et. seq.* ....................................................................................................................3
    § 794, *et seq.* ..................................................................................................................10

## State Regulations

15 N.Y.C.R.R.
    § 123.5...............................................................................................................................5
    §§ 124.1(a) .........................................................................................................................6

## Rules

Fed. R. Civ. P. 12(b)(6)......................................................................................................1

Fed. R. Evid. 201(b)(1), (2) ............................................................................................14

## Miscellaneous Authorities

N.Y.C. Admin. Code, 8-101, *et seq* ...............................................................................10

N.Y.C. Admin. Code 807.15(a) .......................................................................................16

vii

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ALEXIA DODD                                    :
                                               :
                        Plaintiff,             :        25 Civ. 03450 (JHR) (SLC)
                                               :
        -against-                              :
                                               :
STATE OF NEW YORK and the STATE                :
OF NEW YORK DEPARTMENT OF                      :
MOTOR VEHICLES,                                :
                                               :
                        Defendants.            :
-----------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S APPLICATION
FOR PRELIMINARY INJUNCTIVE RELIEF
AND IN SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT**

Defendants the State of New York and the New York State Department of Motor

Vehicles ("DMV"), by its attorney, Letitia James, Attorney General of the State of New York,

respectfully submit this memorandum of law, with accompanying Declarations of Lisa Anson,

Teresa O'Shea, and Michael Schiavo, and the exhibits thereto, in opposition to plaintiff's

application for preliminary injunctive relief (ECF 34) and in support of their motion to dismiss

the Second Amended Complaint ("SAC") (ECF 35) for failure to state a claim upon which relief

can be granted. Fed. R. Civ. P. 12(b)(6). For the reasons set forth herein, the application for

preliminary injunctive relief should be denied and the SAC should be dismissed.

**PRELIMINARY STATEMENT**

Shortly before plaintiff commenced her employment as a Motor Vehicle Referee,

commonly referred to as an Administrative Law Judge ("ALJ"), in the Traffic Violations Bureau

("TVB") of the Richmond County DMV office, she submitted a request for a reasonable

1

accommodation because of alleged allergic reactions to common aerosol cleaning products then used in the office. (ECF. 35, ¶ 13; *see also* Declaration of Lisa Anson, ¶ 4, Exhibit A, record of plaintiff's first accommodation request.[1]) The particular accommodation she wanted was the ability to wear, or to be provided with, a mask. (*Id.*) DMV granted the accommodation, and made other, additional accommodations. (ECF 35*.,* ¶ 24; Anson Decl., ¶¶ 6-7, Exhibit A, April 9, 2025 cover letter and Notification of Agency Determination.) Unsatisfied with the accommodation she originally sought, however, she made a second request for an accommodation, as she was entitled to do, this time seeking the ability to work full-time from home. (ECF*.,* ¶ 19; Anson Decl., ¶¶ 9-10, Exhibit B, record of second accommodation request.) DMV denied that requested accommodation because plaintiff could not perform the essential functions of her job, hearing and deciding traffic violation cases, remotely. (Anson Decl., ¶ 14, Exhibit B, April 19, 2025 Notification of Agency Denial of Reasonable Accommodation.)

Plaintiff never returned to work, despite being warned that she must either provide further medical documentation to justify her continuing absence or be terminated. (ECF 35, ¶ 20; Anson Decl., ¶ 17, Exhibit C, April 23, 2025 letter from Paula Gaylord to plaintiff.) Having neither provided the requested medical documentation nor returned to work, she has been terminated for absenteeism. (Anson Decl., ¶ 18, Exhibit C, August 11, 2025 letter from Denise O'Keevfe, DMV Director of Human Resources, to plaintiff.)

Plaintiff seeks preliminary injunctive relief preventing her termination. She is not entitled

---

[1]     This Court can consider these documents, and others submitted by defendants, not only in connection with plaintiff's preliminary injunction motion, but in connection with defendants' motion to dismiss as well. The documents are the record of the accommodation process and the decisions made, about which plaintiff complains, and are, therefore, integral to her complaint. *See, Chambers v. Time Warner, Inc.,* 282 F.3d 147, 152-53 (2d Cir. 2002); *Saskatchewan Healthcare Emp. Pension Plan v. K.E. Holdings, Inc.,* 718 F. Supp.3d 344, 375-76 (S.D.N.Y. 2024). They are offered to show what was said and done and, therefore, do not require the Court improperly to "evaluate the substance of the evidence presented [rather than] simply review the statements made on their face." *Doe v. New York University,* 1:20-cv-1343 (GHW), 2021 WL 1226384 at *13 (S.D.N.Y. March 31, 2021).

2

to such relief because she can show neither irreparable harm nor a likelihood of success on the merits. Furthermore, the SAC fails to state a claim for relief under the Rehabilitation Act, 29 U.S.C. §701, *et. seq.* Therefore, the preliminary injunction should be denied and the SAC dismissed.

## FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff applied for and was offered a job as a Motor Vehicle Referee, commonly called an Administrative Law Judge, in the DMV's Traffic Violations Bureau in the Staten Island office. (ECF 35, ¶ 6; Declaration of Michale Schiavo, ¶¶ 2, 12-13.) The job's principal responsibilities include holding hearings and issuing decisions in cases involving traffic violations, and related administrative matters.[2] (ECF 35, ¶ 7; Schiavo Decl., ¶ 2-10.) Plaintiff's employment was scheduled to begin on March 27, 2025, but plaintiff visited the office and met with her future supervisor ALJ Michael Schiavo on March 18, 2025 to observe and fill out forms. (Anson Decl., Exhibit A, March 19, 2025 e-mail chain between plaintiff and Mr. Schiavo; Schiavo Decl., ¶ 14.)

The following day, plaintiff e-mailed Mr. Schiavo, informing him that she had experienced respiratory issues related to aerosol cleaning products, particularly Lysol, and that she would need to wear a mask in the office. (Anson Decl., Exhibit A, March 19, 2025 e-mail chain between plaintiff and Mr.Schiavo.)

### A. Plaintiff's first accommodation request is granted.

On March 24, 2025, plaintiff filed a request for a reasonable accommodation seeking to

---

[2]    The TVB system is authorized, for the City of New York only, by Vehicle and Traffic Law ("VTL") § 225(1). In the rest of New York State, traffic violations are heard in the appropriate local court. Before the enactment of § 225(1), they were heard in New York City Criminal Court. *See* McKinney's Practice Commentaries to VTL § 225.

3

wear a certain type of mask. (Anson Decl., Exhibit A, accommodation request; ECF 35, ¶ 13.) In the course of emails back and forth between plaintiff and Lisa Anson, of the office of Diversity, Equity, and Inclusion, who was handling the request, plaintiff mentioned that she used Seventh Generation cleaning products at home. (Anson Decl., Exhibit A, ¶ 5, Exhibit A, April 4, 2025 e-mail.) Ms. Anson instructed Mr. Schiavo to discard the Lysol and other products and ordered masks, air purifiers and filters for each courtroom and the library/judge's office, and Seventh Generation cleaning products. (*Id*.) Mr. Schiavo notified Ms. Anson that the products had been removed and the Seventh Generation products ordered. (Anson Decl., ¶¶ 5-7, Exhibit A, April 4 and April 8, 2025 e-mails; Schiavo Decl.*,* ¶¶21-22.) While the request was pending, plaintiff worked from March 27 to April 12, using masks she considered appropriate. (Schiavo Decl., ¶24; Anson Decl., ¶ 16, Exhibit C, April 23, 2025 letter from Paula Gaylord to plaintiff; ECF 35, ¶¶ 14-15.)

On April 9, 2025, Ms. Anson notified plaintiff that her request for an accommodation had been granted, on a form that included a space and signature line for plaintiff's acceptance or rejection of the accommodation. (Anson Decl., Exhibit A, April 9, 2025 e-mail with attachment.) A week later, on April 16, 2025, Ms. Anson sent plaintiff a letter stating that, in the absence of notification to the contrary, DMV considered the offered accommodations accepted. (*Id.,* April 16, 2025 e-mail with attached April 15, 2025 letter.)

In response, plaintiff said the accommodation, which was, in essence, what she had requested and more, was "wholly inadequate" and that she wanted to work remotely. (Anson Decl., Exhibit A, April 16, 2025 e-mail.) That same day, Ms. Anson advised plaintiff that if she was requesting a new accommodation of remote work she should file a new accommodation

request seeking remote work, along with a new doctor's note. (Anson Decl., Exhibit A, April 16, 2025 e-mail.)

### B. Plaintiff's second accommodation request is denied.

Plaintiff filed a new accommodation request, seeking "to perform my work remotely," two days later. (Anson Decl., Exhibit B, record of second accommodation request.) Ironically, because plaintiff had not yet completed her training,[3] there was no actual work for her to do, either in-person or remotely. (*Id.*, ¶ 12, Exhibit B, April 28, 2025 e-mail.)

### 1. The duties of a TVB ALJ.

Such a request cannot be reasonably accommodated because the job of a TVB ALJ cannot be done remotely on a full-time basis. Under the DMV Commissioner's regulations, hearings at which a motorist may contest guilt[4] require the in-person appearance of both the ALJ and the charging officer. *See* §§ 124.4(a) (TVB ALJ "will call" the charging officer to testify), 124.9 (if the officer does not appear the charge must be dismissed unless the failure to appear is based on one of several enumerated reasons, in which case the matter must be rescheduled). *See also Assoc. of Motor Vehicle Trial Attorneys v. New York State DMV,* 2021 N.Y. Slip Op. 33201(U) (Sup. Ct. Albany County 2021) (due process requires presence of charging officer for cross-examination). The motorist or attorney must appear, but may appear in person, virtually, or by statement. (O'Shea Decl., ¶4, n. 2; Schiavo Decl., ¶ 4; 15 N.Y.C.R.R. §§ 124.1(a) (motorist must "present his or her summons and all driver's licenses to the clerk" at the hearing), 124.8 (if

---

[3]     Plaintiff never returned to the office after April 11, 2025, though April 14 and 18 were pre-approved absences. (Anson Decl., ¶ 16, n. 2; Schiavo Decl., ¶ 24)

[4]     With certain enumerated exceptions, *see* 15 N.Y.C.R.R. § 123.5, a motorist can plead guilty by mail or, as explained below, remotely.

motorist fails to appear, the TVB ALJ shall reschedule the hearing and may suspend the motorist's license in the meantime).

In accordance with the Commissioner's regulations, 15 N.Y.C.R.R. § 124.1(a), hearings are held in the three courtrooms[5] at the Staten Island TVB during four different sessions each hearing day except Thursday, at 8:30, 10:30, 1:00, and 2:30, each lasting about an hour. (Schiavo Decl., ¶¶ 3-5.) On Thursdays, an additional session is held starting at 4:30. (*Id.*) The typical docket for each hourly session has up to 30 scheduled hearings, although, owing to postponements and the like, somewhere between 40 and 60 percent of the scheduled docket is actually heard. (*Id.*) In addition to conducting hearings, TVB ALJs handle walk-in administrative business such as requests to reschedule hearings, restoring hearings to the case calendar, and, in certain cases, accepting guilty pleas. (*Id.*, ¶ 6.)

All new TVB ALJs must successfully complete initial training and pass quarterly reviews during a probationary period of one year. Once that has been accomplished and the TVB ALJ has demonstrated a firm grasp of the VTL, the Commissioner's regulations, and DMV policies, a very limited degree of remote work becomes available, but not before. (Schiavo Decl., ¶ 7.)

The DMV has a telephone hotline service known as the Virtual Contact Center, or "VCC." (Schiavo Decl., ¶¶ 8-9.) Motorists and lawyers can use the VCC for information about license status, rescheduling hearings, or pleading guilty, except in cases where in-person guilty pleas are required. (*Id.*) Mostly, TVB ALJs handle VCC calls in the office, but it is technically feasible to handle VCC calls remotely. (*Id.*) The Staten Island office allows TVB ALJs to perform VCC duties remotely for a maximum of two days per week, but only if the in-person

---

[5]    At full strength, the Staten Island TVB has three ALJs and a supervising ALJ. Plaintiff would have been the third TVB ALJ. (Schiavo Decl., ¶ 4)

6

hearing caseload permits. (*Id.*) It is rarely possible to know more than a few days in advance whether the scheduled caseload on a given day will be light enough to permit a TVB ALJ to work from home, so no TVB ALJ can have regularly-scheduled remote days, let alone full-time remote work. (*Id.*) When TVB ALJs do get to work remotely, they must still return to the office within one or to working days to complete, print out, sign, and file hard copies of documentation relating to accepted guilty pleas. (*Id.*)

### 2. Denial of plaintiff's second accommodation request.

As shown in the documentation of plaintiff's accommodation request, Mr. Schiavo explained all this to Ms. Anson. (Anson Decl., Exhibit B, April 21, 2025 notes of Ms. Anson's conversations with Mr. Schiavo,; April 28, 2025 e-mail chain between Ms. Anson and Mr. Schiavo.) Ms. Anson also sought but could not get from plaintiff additional and more detailed medical information. (*Id.,* Exhibit B, Notification of Need for Additional Information; April 25 and 28 e-mails between plaintiff and Ms. Anson) She inquired as well into the availability of reassignment to some other position that plaintiff might fill remotely, but learned that none was available. (*Id.,* Exhibit B, May 16, 2025 e-mail) Ultimately, Ms. Anson denied plaintiff's request for full-time remote work on the grounds that the essential functions of the position could not be performed remotely. (*Id.,* Exhibit B, May 9, 2025 Notification of Agency Denial of Reasonable Accommodation and forms for review.) Plaintiff never sought review. (Anson Decl., ¶ 15.)

In the SAC, plaintiff refers to an alleged comparator, Natasha Grinberg, whose position she does not describe. She creates the impression, however, that she and Ms, Grinberg have the same job, and that Ms. Grinberg has been allowed an accommodation of remote work even though she does not have a disability. (ECF 35, ¶¶ 221, 23; ECF 34, ¶¶ 18, 20.) Although Ms.

7

Grinberg had been a TVB ALJ, in that position she worked mostly in the office like other TVB ALJs. (Declaration of Teresa O'Shea, ¶¶ 5-9.) Her current, largely remote schedule, however, is a function of the very different job she now holds as a Safety and Business Hearings Bureau ("SHB") ALJ within a completely different unit at DMV. (*Id.*)[6]

The TVB draws its statutory authority from Article 2-A o the VTL and TVB ALJs, handle only New York City-based traffic violation cases, and do not write opinions. (O'Shea Decl., ¶ 5; VTL § 225(1)) The SHB's jurisdiction, on the other hand, draws from multiple statutes and covers the entire state. (O'Shea Decl., ¶ 5) SHB ALJs conduct hearings across the state regarding unsafe individual drivers, for example, chemical test refusal hearings, fatal accident hearings, persistent violator hearings, excess speed hearings, cheating and false statement hearings, and hearings involving either unregistered businesses or non-compliant businesses regulated by DMV, such as. inspection/inspector hearings, dealer and franchise hearings, repair shop hearings, driving school hearings, and bus driver hearings. These cases are more time consuming, involve parties and witnesses from various parts of New York State, and all have formal written opinions. (*Id.)*

There are currently 20 SHB ALJs, located in various home offices across New York State. (O'Shea Decl., ¶ 6) Cases are individually assigned to specific SHB ALJs. (*Id.*) Unlike most TVB ALJ hearings, SHB hearings require case preparation, pre-hearing motion rulings, and evidentiary submissions. (*Id.*) SHB hearings are currently conducted virtually.[7] (*Id.*) SHB hearings are set for specific days and times, with certain time allotments. (*Id.*) SHB hearings can

---

[6]    The TLB ALJ vacancy that plaintiff was hired to fill came about because of Ms. Grinberg's hiring as an SHB ALJ in DMV's Queens South office. (O'Shea Decl., ¶ 10)

[7]    Virtual hearings in SHB cases were upheld in *Ortiz v. New York State Dep't of Motor Vehicles,* 223 A.D.3d 438 (1st Dep't 2024).

last several hours or extend over multiple days. (*Id.*) SHB hearings tend to involve more complicated issues than the typical traffic violation case. (*Id.*) Since COVID, SHB adapted to a virtual hearing platform. (*Id.*) Given the resultant convenience, such as less travel time to remote state offices, and the efficiency and timeliness of hearings, parties have shown a preference for virtual hearings over in-person proceedings, and DMV has adapted to this preference. (*Id.*) Ms. Grinberg, like all SHB ALJs, has the option of working remotely most of the time, but she still must report to her designated office at least once during each bi-weekly pay period. (*Id.,* ¶ 8) SHB ALJs, unlike TVB ALJs, can work that way because of the differences between their jobs and the jobs of TVB ALJs.[8]

### C.  The end of plaintiff's employment.

Except for two days of approved personal leave, on April 14 and 18 of 2025, plaintiff had been absent from her position since last working on April 11, 2025. (Anson Decl., Exhibit C, April 23, 2025 letter from Paula Gaylord, DMV's Director of Personnel, to plaintiff.) Ms. Gaylord informed plaintiff that she had been removed from payroll, effective April 23, 2025, pending submission of acceptable medical documentation within three days. (*Id.*) Failure to submit such documentation would subject plaintiff to administrative action and a possible recommendation that her employment be terminated. (*Id.*)

Plaintiff did not respond, and on August 11, 2025, DMV's Director of Human Resources, Denise O'Keefe, informed plaintiff that she has been terminated effective August 21, 2025. (Anson Decl., Exhibit C, August 11, 2025 letter from Ms. O'Keefe to plaintiff and attachments.)

### D.  Procedural history.

Plaintiff commenced his action by order to show cause seeking a temporary restraining

---

[8]     There are no current openings for SHB ALJs. (O'Shea Decl., ¶ 10)

order and preliminary injunction. (ECF 1.) This Court denied the TRO, set a deadline for filing a complaint, and scheduled a hearing on the application for a preliminary injunction. (ECF 9.) Plaintiff filed both a complaint and an amended complaint, naming only the State of New York as a defendant and asserting claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et seq.*; the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law ¶290, *et seq.*); and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code, 8-101, *et seq.*. (ECF 7, 18, Compl. and Am. Compl.) After a conference with this Court on June 26, 2025, plaintiff filed a Second Amended Complaint, asserting claims under the Rehabilitation Act against both DMV and the State of New York, and a motion for a preliminary injunction. (ECF 34, 35.)

## ARGUMENT

This motion both opposes plaintiff's request for preliminary injunctive relief and seeks dismissal of the SAC for failure to state a claim for relief. Some overlap of arguments is inevitable, particularly the arguments concerning likelihood of success on the merits and failure to state a claim. Defendants will therefore first discuss the elements of preliminary injunctive relief, show that it should be denied for lack of irreparable harm, then discuss in an integrated fashion both why plaintiff cannot show likelihood of success on the merits and why the SAC fails to state a claim upon which relief may be granted.

**Legal Standards**

A preliminary injunction "is an extraordinary remedy never awarded as of right." *Winter v. NRDC, Inc.,* 555 U.S. 7, 24 (2008). It is "one of the most drastic tools in the arsenal of judicial remedies," *Grand River Enter. Six Nations, Ltd. v. Pryor,* 481 F.3d 60, 66 (2d Cir. 2007), "that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter,*

10

555 U.S. at 22.

To obtain a preliminary injunction, plaintiff must establish: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of the equities tips in her favor; and (4) that an injunction is in the public interest. *Pharaohs GC, Inc. v. United States Small Business Administration,* 990 F.3d 217, 225 (2d Cir. 2021); s*ee also N.Y. Progress & Prot. PAC v. Walsh,* 733 F.3d 483, 486 (2d Cir. 2013). Where, as here, the government is a party to the suit, the final two factors merge. *Nken v. Holder*, 556 U.S. 418, 435 (2009).  "[W]here an injunction is mandatory—that is, where its terms would alter, rather than preserve, the status quo by commanding some positive act, the moving party must meet a higher standard than in the ordinary case by showing clearly that he or she is entitled to relief or that extreme or very serious damage will result from a denial of the injunction." *Phillip v. Fairfield Univ.*, 118 F.3d 131, 133 (2d Cir. 1997) (internal quotations and citations omitted).

The "most important" of the requirements for preliminary injunctive relief is irreparable harm. *Faiveley Transp. Malmo AB v. Wabtec Corp.,* 559 F.3d 110, 118 (2d Cir. 2009). Harm is "irreparable" when it "cannot be remedied after a final adjudication." *Salinger v. Colting,* 607 F.3d 68, 81 (2d Cir. 2010). And the harm must be "actual and imminent," not "remote or speculative." *Dexter 345 Inc. v. Cuomo,* 663 F.3d 59, 63 (2d Cir. 2011).
Because plaintiff has neither alleged irreparable harm nor shown a likelihood of success on the merits, her request for a preliminary injunction should be denied.

As for defendants' motion to dismiss, to survive a motion to dismiss, the plaintiff's complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

11

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* As will appear below, plaintiff has failed to plead "factual content" allowing the Court to make out an essential element of her failure-to-accommodate claim – that she can perform the essential duties of her position with the proposed accommodation of remote work. Therefore, the SAC should be dismissed.

**POINT I**

**PLAINTIFF'S POTENTIAL LOSS OF EMPLOYMENT
DOES NOT CONSTITUTE IRREPARABLE HARM**

Plaintiff's claim of irreparable harm rests solely on the economic loss she will suffer, at least temporarily, if she loses her job. (ECF 34, pp. 2-3 As the Court recognized in denying plaintiff's request for a TRO, such economic loss does not constitute irreparable harm. (ECF 9, p. 2) It is well settled that, except in the rarest of circumstances – such as imminent destitution – loss of employment is not irreparable harm warranting preliminary injunctive relief. *See New Yorkers for Religious Liberty, Inc. v. New York*, 125 F.4th 319, 328-29 (2d Cir. 2024). In government personnel cases, like this one, courts "apply a particularly stringent standard for irreparable injury and pay special attention to whether the interim relief will remedy the irreparable harm that is found." *Id.,* quoting *Kane v. DeBlasio*, 19 F.4th 152, 171 (2d Cir. 2021). "[E]xcept in a 'genuinely extraordinary situation,' irreparable harm is not shown in employee discharge cases simply by a showing of financial distress or difficulties in obtaining other employment." *Am. Postal Workers Union v. USPS,* 766 F.2d 715, 721 (2d Cir, 1985) quoting *Sampson v. Murray,* 415 U.S. 61, 92 n. 68 (1974). "[T]he injuries that generally attend a

12

discharge from employment—loss of reputation, loss of income and difficulty in finding other employment—do not constitute the irreparable harm necessary to obtain a preliminary injunction." *Guitard v. U.S. Sec'y of the Navy,* 967 F.2d 737, 742 (2d Cir, 1992).

If plaintiff were to prevail on the merits, she could be made as whole as the judicial system permits through reinstatement and an award of back pay and related benefits. Adverse employment consequences like the loss of income, "are not the type of harm that usually warrants injunctive relief because economic harm resulting from employment actions is typically compensable with money damages." *Kane*, 19 F.4th at 171, quoting *We the Patriots v. Hochul,* 17 F.4th 266, 294 (2d Cir. 2021). Because those harms "could be remedied with money damages, and reinstatement is a possible remedy as well," *id.,* at 295, they do not justify a preliminary injunction. *See also, Savage v. Gorski,* 850 F.2d 64, 68 (2d Cir. 1988) ("Since reinstatement and money damages could make appellees whole for any loss suffered during this period, their injury is plainly reparable, and appellees have not demonstrated the type of harm entitling them to injunctive relief."). What plaintiff claims is paradigmatically *reparable* harm, which cannot support a preliminary injunction. Therefore, plaintiff's application should be denied.

Plaintiff seeks to avoid this settled law by citing a handful of cases that, she claims, stand for the general proposition that "[e]ven the mere threat of termination of medical benefits constitutes irreparable harm." (ECF 34 p. 2) They stand for no such thing. An employee's health insurance, like her salary, is compensation for labor and, as such, no different economically from wages. Just as loss of wages is one of "the injuries that generally attend a discharge from employment," *Guitard,* 967 F.2d at 742, so too is loss of employer-provided medical benefits.[9]

---

[9]    All of the cases defendants cite on irreparable harm and employment involved public employees, who, as

13

Neither injury constitutes irreparable harm, and no case has treated the loss of medical benefits in connection with loss of employment as irreparable harm. Moreover, such a rule would make little sense. It would insulate from termination employees who happen to have employer-provided health insurance while exposing to termination less fortunate, usually less well-off, employees who do not have such insurance.

Not one of plaintiff's cases involved loss of medical benefits incident to the loss of employment. Two of them, *Whelan v. Colgan,* 602 F.2d 1060 (2d Cir. 1060 (2d Cir. 1979), and *Communications Workers of America, District One v. Nynex Corp.,* 898 F.2d 887 (2d Cir. 1990), involved refusing to pay or continue medical benefits to striking employees and the other two, *United Steelworkers v. Textron, Inc.,* 836 F.2d 6 (1st Cir. 1987), and *LaForest v. Honeywell Int'l., Inc.,* 03-cv-6248T, 2003 WL 80220 (W.D.N.Y. Sept. 19, 2003), *aff'd and remanded sub nom. LaForest v. Former Clean Air Holding Co.,* 376 F.3d 49 (2d Cir. 2004), involved refusing to pay or otherwise interfering with the ability of retirees to obtain benefits.

The courts in this Circuit that have squarely faced the argument plaintiff makes here have held that these cases are distinguishable, and that "loss of employment and the resulting loss of medical benefits . . . are neither irreparable nor sufficient to justify the presently requested injunctive relief." *See Broecker v. N.Y.C. Dept. of Educ.,* 585 F. Supp. 3d 299, 319 (E.D.N.Y. 2022) (Denying preliminary injunction against termination of employees refusing COVID 19 vaccinations, who would thereby lose medical benefits). *See also Vollmer v. Xerox Corp.,* 20-cv-6979 (CJS), 2021 WL 50907 at * 4 (W.D.N.Y. Jan. 6, 2021) (Denying preliminary injunction

---

this Court can judicially notice, *see* Fed. R. Evid. 201(b)(1), (2), had health insurance benefits when employed. There was no contention in those cases, nor could there be, that the loss of medical benefits was any more irreparable than the loss of salary income.

14

based on retirees' loss of medical benefits because "[i]n all the cases cited by Plaintiffs, the respective courts found a showing of irreparable harm where the movants faced an involuntary, unilateral termination of coverage for non-financial reasons" to which they were otherwise entitled, whether as strikers or retirees.); *Cooper v. TWA Airlines, LLC,* 274 F. Supp. 2d 231, 241 (E.D.N.Y. 2003) (Denying preliminary injunction sought by furloughed employees who would thereby lose medical benefits).

Employees are generally not entitled to preliminary injunctive relief protecting them from termination because the harm from being terminated is not irreparable. Nothing about plaintiff's situation is any different from any other termination case. If she is wrongfully terminated, she can be compensated later. Therefore, her motion for a preliminary injunction should be denied.

**POINT II**

**PLAINTIFF CANNOT ESTABLISH LIKELIHOOD OF SUCCESS ON THE MERITS OR STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED BECAUSE PLAINTIFF FAILS TO SHOW THAT HER ACCOMMODATION REQUEST IS REASONABLE AND THAT SHE CAN PERFORM THE ESSENTIAL FUNCTIONS OF HER JOB REMOTELY**

Ultimately, plaintiff must show that she was unreasonably denied an accommodation.[10] To obtain preliminary injunctive relief in the interim, she will have to show a likelihood that she will ultimately prevail on the merits. Because she can do neither, and because the SAC does not plausibly allege facts that state a claim for failure to accommodate, this Court should deny the requested preliminary injunctive relief and dismiss the SAC.

---

[10]    The SAC can be read to claim both a failure to accommodate and a failure to engage in an interactive process. (ECF 35, ¶ 1) In addition to the abundant evidence that the parties engaged in an interactive process, *see* Anson Decl., Exhibits A and B, neither the Rehabilitation Act nor the ADA creates a freestanding claim for failure to engage in an interactive process, though any such failure may have evidentiary significance. *See Sheng v. M&T Bank Corp.,* 848 F.3d 78, 86-87 (2d Cir. 2017); *McBride,* 583 F.3d at 100-01. *Compare* N.Y.C. Admin. Code 807.15(a), which creates such a freestanding claim under the NYCHRL.

To make out a *prima facie* case for failure to accommodate under the Rehabilitation Act, a plaintiff "must establish that (1) she has a disability; (2) the defendant had notice of the disability; (3) she could perform the essential functions of the job with reasonable accommodation; and (4) the defendant refused to make such accommodations." *Kho v. N.Y. & Presbyterian Hosp.*, 344 F. Supp. 3d 705, 721 (S.D.N.Y. 2018) (citing *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006)). *See also Natofsky v. City of New York,* 921 F.3d 337, 352 (2d Cir. 2019). In this case, the decisive issue is the third, whether plaintiff could perform the essential functions of her job if given the accommodation she ultimately wanted, full-time home-based work. She could not.

An employee is "otherwise qualified if [s]he can meet all of a position's requirements despite the disability." *See School Bd. of Nassau Cnty. v. Arline,* 480 U.S. 273, 287 (1987); *D'Amico v. City of New York,* 132 F.3d 145, 151 (2d Cir. 1998). "The plaintiff bears the burdens of both production and persuasion as to the existence of some accommodation that would allow her to perform the essential functions of her employment." *McBride v. BIC Consumer Prods. Mfg. Co.,* 583 F.3d 92, 97 (2d Cir. 2009).

A complaint "devoid of factual averments supporting the conclusory allegation that [plaintiff] . . . could entirely perform his duties" must be dismissed. *See Stanley v. CUNY,* 18-cv-4844 (PAE), 2023 WL 2714181 at *20 (S.D.N.Y. Mar. 20, 2023). "More is needed to make plausible the allegation that Stanley could have performed all his essential duties from home." *Id.*, citing *Smith v. Town of Ramapo*, 745 F. App'x 424, 426 (2d Cir. 2018) (affirming dismissal of reasonable accommodation claim where complaint did not "plead that following [plaintiff's] injury he could have performed the essential duties of a police officer, either with or without a

16

reasonable accommodation").

Here, the factual allegations contained in the SAC are insufficient to make out a claim for failure to accommodate. In particular, the SAC contains no factual allegations – just plaintiff's conclusory say-so – that she can perform the essential functions of a TVB ALJ while working remotely. Without such factual allegations, plaintiff cannot show a likelihood of success on the merits or avoid dismissal.

In addition, given the detailed description of the essential functions of a TVB ALJ already set forth and that in-person presence is required, *see* pp. 5-7, *supra,* plaintiff cannot allege such an accommodation would have been reasonable. Defendants have explained in detail the essential functions of a TVB ALJ. (*Id.*) The essential function of the job is adjudicating traffic violation cases, in high volume, with mostly in-person parties and witnesses, some of whom are required by law to be there. (*Id.*) Nothing in the SAC tends to show that plaintiff can perform this essential function by working remotely. Instead, plaintiff suggests that Natasha Grinberg's remote work schedule shows that plaintiff could do her job remotely as well. (ECF 35, ¶¶ 7, 21; ECF 34, ¶ 18.)

Comparing one's own treatment with the treatment afforded similarly-situated employees is a valid means of showing discrimination, but only when the comparator – here ALJ Grinberg – is similarly situated "in all material respects.' *Ruiz v. County of Rockland,* 609 F.3d 486, 494 (2d Cir 2010) quoting *Shumway v. United Parcel Service, Inc.,* 118 F.3d 60, 64 (2d Cir. 1997). While the question of whether the employees being compared are substantially similar is often a question of fact for the jury, *see Graham v. L.I.R.R.,* 230 F.3d 34, 39 (2d Cir. 2000), there must be "a reasonably close resemblance of the facts and circumstances of plaintiff's and

17

comparator's cases," *Id.,* 230 F.3d at 40, and where the evidence or allegations fail to show that, it can be decided on summary judgment, *Ruiz, supra, Conway v. Microsoft Corp.,* 414 F. Supp. 2d 450, 464 (S.D.N.Y. 2006), or even on a motion to dismiss. *See Stanley v. CUNY,* 2023 WL 2714181 at \*20 (S.D.N.Y. Mar. 30, 2023); *Johnson v. New York University,* 17-cv-6184 (VEC), 2018 WL 4908108 at \* 4-5 (S.D.N.Y. Oct. 10, 2018). As already shown, however, *see* pp. 5-9, *supra,* the jobs of TVB ALJs and SHB ALJ's are vastly different, and the ability of ALJ Grinberg to work largely remotely, if so inclined, is compatible with the effective performance of the job's essential functions in a way that remote work for a TVB ALJ is not.

For similar reasons, plaintiff cannot show a likelihood of success on the merits. When a plaintiff "seeks to stay governmental action taken in the public interest pursuant to a statutory or regulatory scheme," she must show a substantial likelihood of success on the merits. *Sal Tinnerello & Sons, Inc. v. Town of Huntington,* 141 F.3d 46, 52 (2d Cir. 1998); *see also Yang v. Kosinski,* 960 F.3d 119, 127 (2d Cir. 2020). While a plaintiff seeking preliminary injunctive relief "need not show that success is an absolute certainty," she must "make a showing that the probability of [her] prevailing is better than fifty percent." *Eng v. Smith,* 849 F.2d 80, 82 (2d Cir. 1988) (quoting *Abdul Wali v. Coughlin,* 754 F.2d 1015, 1025 (2d Cir. 1985)). *See also JTH Tax LLC v. Agnant,* 22-cv-2385 (PKC) (CLP), 2022 WL 1556656 at \*11 (E.D.N.Y. May 17, 2022); *Ass'n of Jewish Camps v. Cuomo,* 470 F. Supp. 3d 197, 209 (N.D.N.Y. 2020); *V.D. v. State,* 403 F. Supp. 3d 76, 87 (E.D.N.Y. 2019).

Therefore, plaintiff cannot show either the likelihood of success to warrant a preliminary injunction or allege sufficient facts to state a claim for relief.

**POINT III**

18

## NEITHER THE BALANCE OF HARDSHIPS NOR THE
## PUBLIC INTEREST FAVORS A PRELIMINARY INJUNCTION

The balance of hardships in this case tips toward defendants. If a preliminary injunction is denied, plaintiff will, to be sure, be out of work and suffer short-term hardship, but the same can be said of any case where an employee is terminated, and for reasons previously explained, *see* pp.12-14, *supra,* preliminary injunctions are the rare exception in such cases. The availability of money damages "substantially limits the cognizable hardships" to plaintiff and counsels against preliminary injunctive relief. *Peck v. Montefiore Med. Ctr.,* 987 F. Supp.2d 405, 413 (S.D.N.Y. 2013). On the other hand, if a preliminary injunction is granted, DMV will have to retain in its employ someone who is unwilling, and possibly unable, to administer a caseload properly cases for at least the duration of this lawsuit. That would impose a substantial hardship on DMV, not to mention the litigants whose cases will be delayed Such interference with DMV's ability to perform its duties efficiently and effectively tips the balance of hardship toward DMV and counsels against preliminary injunctive relief. *Id.,* 987 F. Supp.2d at 413-14.

As for the public interest, "[i]t is the rare preliminary injunction motion where the public interest plays any role in the outcome." *Mason v. Minn. State High School League,* 03-6402, 2003 WL 23109685 at *3 (PAM/RLE) (D. Minn., Dec. 30, 2003), but to the extent that it factors in here, it favors denying a preliminary injunction, for essentially the same reasons as the balance of hardships favors defendants. *Peck,* 937 F. Supp. 2d at 414-15.

## CONCLUSION

For the reasons given, this Court should issue an order denying plaintiff's application for preliminary injunctive relief and dismiss the Second Amended Complaint, together with such further relief as the Court deems just and proper.

Dated: New York, New York

19

August 22, 2025

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant State of New York*
By:

*Clement J. Colucci*

CLEMENT J. COLUCCI
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8634
Clement.Colucci@ag.ny.gov\

### Certification of Compliance with Word Count

In reliance on the word count feature of the word processing software used to prepare this memorandum, I certify that this brief contains 5617 words, exclusive of the caption, table of contents, table of authorities, and signature block.

*Clement J. Colucci*
Clement J. Colucci

20