UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2025 OCT 15  AM 10: 15

------------------------------------------------------------X

ALEXIA DODD

                  Plaintiff,

  - against -

STATE OF NEW YORK and the
STATE OF NEW YORK DEPARTMENT OF
MOTOR VEHICLES.

                  Defendants.

------------------------------------------------------------X

25 Civ. 03450 (JHR) (SLC)

MEMORANDUM OF LAW
IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS AND IN
SUPPORT OF PLAINTIFF'S
CROSS MOTION

## ARGUMENT

1.     The Defendants have moved under Federal Rules of Civil Procedure 12(b)(6) to dismiss the Complaint for failure state a claim upon which relief can be granted. The Plaintiff will review certain threshold tenants to significantly minimize the work for the Court in this case.

2.     Under a 12(b)(6) motion, all the facts of the complaint are assumed true for the purposes of resolving a motion to dismiss. Fink v. Time Warner Cable, 714 F.3d 739, 740-41 (2d Cir. 2013). Complaints in federal court must "contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" The People of the State of New York v. Citibank, N.A. 24-CV-659 (S.D.N.Y. 2025) citing Ashcroft v. Iqbal, 556 U.S. 662, 677-68 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Surviving a motion to dismiss, brought under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-

me accusation.'" Ashcroft at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In considering such a motion, the court must "accept all 'well-pleaded factual allegations' in the complaint as true," Lynch v. City of New York, 952 F.3d 67, 74-75 (quoting Iqbal, 556 U.S. at 679), as well as "construe all reasonable inferences that can be drawn from the complaint in the light most favorable to the plaintiff," Id. at 75 (quoting Arar v. Ashcroft, 585 F.3d 559, 567 (2d Cir. 2009) (en banc)).

3. To survive a motion to dismiss, a complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007). "A claim is plausibly alleged 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' " Matzell v. Annucci, 64 F.4th 425, 433 (2d Cir. 2023) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

4. Here, the Defendants have submitted multiple pages of affidavits with multiple pages of emails in support of their motion for the Court to review which is not appropriate because the Court cannot consider any of these documents on a 12(b)(6) motion. See Homberg v. Williamson, 135 F. Supp. 493 (S.D.N.Y. 1955).

> "The papers submitted on these motions graphically illustrate the unnecessary work to which attorneys can put themselves and the Court by failing to observe the elementary rules applicable to pleading, and also the specific rules of this Court relating to motions. In support of the motions to dismiss the complaint, defendants

have submitted elaborate affidavits going into factual questions relating to the alleged cause of action, as though the Court could determine the case on affidavits on such a motion. It is elementary that on a motion to dismiss the complaint, the Court may consider nothing except the pleading." Id.

5.      The Plaintiff ("I") filed her Complaint under Section 504 of the Rehabilitation Act. Because discrimination is rarely so open as to provide direct proof, a plaintiff is required only to prove four circumstantial elements to make out a prima facie Rehabilitation Act discrimination claim 1) plaintiff's employer is subject to the Rehabilitation Act 2) plaintiff was disabled within the meaning of the Rehabilitation Act 3) plaintiff was otherwise qualified to perform the essential functions of her job, with or without accommodation and 4) plaintiff suffered an adverse employment action because of her disability. Quadir v. New York State Department of Labor, 39 F. Supp.3d 528 (S.D.N.Y. 2014).

6.      The Defendants challenge whether I can satisfy the essential functions of the job and whether my accommodation request is reasonable. These challenges are without merit. My complaint clearly states how I can perform the essential functions of the job with reasonable accommodation.    (See paragraph 21 through 23 of Second Amended Complaint).

7.      A dispute exists between the defendants and I as to whether my accommodation request is reasonable and whether I can satisfy the essential functions of the job. These are questions of fact. See Id.

8.      The reasonableness of an employer's accommodations is a fact-specific question. Tudor v. Whitehall Central School District, 23-665-cv (2nd Cir. 2024) quoting Noll

v. IBM Corp., 787 F.3d 89, 94 (2nd Cir. 2015); See also Hopman v. Union Pac. R.R. 68F.4th 394, 401-02 (8th Cir., 2023).

9.    Issues of fact exist as to whether my proposed accommodation would permit me to perform the essential functions of my position. See Rogers v. New York University, 250 F. Supp. 2d 310 (S.D.N.Y. 2002). Such questions are for a jury to resolve. Id. Juries determine questions of fact by acting as decision makers when issues of fact exist. See 7th Amendment of the Constitution of the United States and the Southern District of New York website confirming that the jury's duty is to decide the facts in both civil and criminal cases.

10.    Moreover, the Defendants contend that they do not have to offer me a similar schedule as held and maintained by 20 other administrative law judges who also adjudicate traffic violations for the DMV.  The Defendants do not dispute that these 20 other administrative law judges and I are all administrative law judges that adjudicate traffic violations for the DMV, but instead, contend that the hearings that these 20 other administrative law judges adjudicate are different from the hearings I adjudicated because their hearings involve unsafe individual drivers and are more complex.  What the Defendants fail to include is that the position that I held as an Administrative Law Judge also involves unsafe individual drivers.  In fact, the position that I held, allowed me to suspend or revoke the license of an individual because I designated them as unsafe individual drivers.

11.    The question of whether the position that I held as an administrative law judge at the DMV adjudicating traffic violations is substantially equivalent to the position held by 20 other DMV administrative law judges who also adjudicate traffic violations is a question of fact for a jury.  See Lavin-Mceleney v. Marist College, 239 F.3d 476 (2nd Ct. 2001). In Lavin-

Mceleney, the court explicitly stated that whether two positions are "substantially equivalent" is a question for the jury, further supporting the notion that such determinations are fact-intensive and not suitable for resolution as a matter of law. Id.

12. As such, whether the Defendants are required to offer me the same schedule that they offer to 20 other administrative law judges who also adjudicate traffic violations for the DMV is based on whether our positions are substantially equivalent which is a question for a jury to decide. See Id.

THE DEFENDANTS' HAVE MADE THE PRELIMINARY INJUNCTION MOOT

13. As to the preliminary injunction, the motion is moot before this Court because the Defendants terminated my employment on August 21, 2025 and changed the status quo of the parties. (See termination letter as Exhibit "E" attached to Declaration of Alexia Dodd). My motion for a preliminary injunction sought to stop the termination of my employment during the pendency of this action. One day before the Defendants' responsive papers to my Motion for a Preliminary Injunction were due, the Defendants terminated my employment. My employment was terminated on August 21, 2025 and the Defendants' responsive papers to my Motion for a Preliminary Injunction were due on August 22, 2025. (See termination letter attached as Exhibit "E" to Declaration of Alexia Dodd). The termination of an employee generally renders a motion for a preliminary injunction to stop the termination moot, as the action sought to be enjoined has already occurred, and the court cannot undo what has been done. See Chapman v. South Buffalo Ry., 43 F. Supp 2d 312 (W.D.N.Y. 1999); See also Moore v. Consol. Edison Co. of NY, Inc., 409 F.3d 506 (2d Cir. 2005).

## THE DEFENDANTS HAVE ACTED IN BAD FAITH

14. The Defendants are required to act in good faith in the accommodations process. See Goonan v. Federal Reserve Bank of New York, 12-cv-3859 (S.D.N.Y. 2014). Failure to act in good faith defeats a motion to dismiss and a motion for summary judgment. See Id. In this case, the defendants did not act in good faith. First, the defendants did not implement the accommodation plan because Michael Schiavo, Supervising Judge of the Richmond County DMV, ("Schiavo") did not do as he was instructed by Lisa Anson, DMV HR Specialist 1, Office of Diversity, Equity and Inclusion ("Anson") to stop the distribution, placement and spraying of Lysol and other aerosols in the offices and courtrooms of the DMV. Anson does not work at the Richmond County DMV and has no personal knowledge of whether Schiavo followed her instruction. Second, when I repeatedly asked Schiavo to discard the bottles of aerosols and stop the distribution, placement and spraying of these cans into the air, he didn't stop, but instead would loudly disclose my disability to other employees by saying loudly "she has an accommodation." Third, the Defendants offered as an accommodation to provide me with Seventh Generation products which does not address the issue of spraying aerosols into the air. Seventh Generation products are surface cleaners which are not meant to spray into the air. (See safety data sheet attached as Exhibit "F" to the Second Amended Complaint). Using Seventh Generation against its labeling is a violation of federal law. (See Exhibit "F" to the Second Amended Complaint). Fourth, the defendants did not and have not attempted in good faith to transfer me to another position which I requested. As part of the accommodation process, I requested to transfer to another attorney position. On May 16, 2025, Anson, stated, in an email, that "our office inquired and

learned that there is no opportunity for a voluntary reassignment or transfer to a vacancy to which you are qualified because a vacancy does not exist at this time." (See email attached as Exhibit "B" to Declaration of Alexia Dodd). That is a false statement. Attached as Exhibit "C" to Declaration of Alexia Dodd is a job posting for a position at the DMV as a Senior Attorney with the following description:

This is a Senior Attorney/Assistant Counsel position in DMV's Counsel's Office. This position involves performing a wide variety of tasks, including assisting the Attorney General's Office in litigation involving DMV in both State and federal courts; defending the agency in discrimination cases; appearing on behalf of DMV in various proceedings and hearings, drafting and interpreting legislation and regulations; assisting in procurements; drafting and reviewing contracts, MOUs, IFBs and RFPs; researching legal issues and providing legal analysis; and advising agency business units on legal matters. The Senior Attorney/Assistant Counsel will respond to correspondence and inquiries from a variety of sources including courts, attorneys, law enforcement, regulated businesses and customers. The position requires serving on agency project teams, including agency teams involving the interpretation and/or implementation of law. This position may also require participation in training of court clerks, judges, and/or members of the law enforcement community. Additional legal duties may be required as needed.

**Candidates with relevant specialized experience may be eligible for an increased hiring rate** (See job posting as Exhibit "C" attached to Declaration of Alexia Dodd).

15.    This position posted on April 9, 2025 and closed on May 31, 2025. The date of Anson's email is May 16, 2025.   This job was vacant and available at the time of Anson's email.  Anson did not mention anything about this position.  She makes the conclusory statement that "there is no opportunity for a voluntary reassignment or transfer to a vacancy to which you are qualified because a vacancy does not exist at this time" with nothing further. I have specific relevant experience for that position.  I worked as an Assistant Attorney General for 7 years doing litigation researching legal issues, provided legal analysis, making recommendations to state agencies; reviewing contracts, corresponding with and appearing before courts, judges, and opposing counsel.  I also trained other lawyers on how to appear before courts and conduct depositions.  In fact, this position fits, almost exactly, with my experience. The Defendants' failure to consider or even mention this vacancy as a transfer opportunity for me demonstrates the Dependents' failure to act in good faith in the accommodation's process.

16.    Additionally, as of this date, over 40 attorney vacant positions with telecommuting allowed are posted on, Defendant, State of New York, job's website on-line. The Defendants make no mention of any effort undertaken to transfer me to any of these vacant attorney opportunities.  This further demonstrates the Defendants failure to act in good faith in the accommodation's process.

17.    The ADA defines "reasonable accommodation" to include reassignment to a vacant position, among other measures, as outlined in 42 USCS Section 12111, Lyons v. Legal Aid Society, 68 F.3d 1512 (2d Cir. 1995).  The Defendants neither considered me for that vacant DMV position nor have the Defendants considered me for the 40 other vacant

attorney positions on the New York State website which I am qualified for and which telecommuting is allowed.   Fifth, the Defendants made my Motion for a Preliminary Injunction moot by terminating my employment one day before their response to my Motion for a Preliminary Injunction was due.  The Defendants terminated my employment on August 21, 2025 and the Defendants' response to my Motion for a Preliminary Injunction was due on August 22, 2025. (See termination letter as Exhibit "E" to Declaration of Alexia Dodd).  The Defendants have circumvented the authority of the Court by terminating my employment before the Court could decide the merits of my Motion for a Preliminary Injunction.

<u>The Court Should Allow me to Amend My Complaint Because the Defendants have Changed the Status Quo of the Parties and Justice So Requires</u>

18.    Federal Rules of Civil Procedure 15(a)(2) states that the Court should freely give leave to amend a Complaint when justice so requires.

19.    The Defendants have changed the status quo of the parties by terminating my employment on August 21, 2025.  It is proper that the Court allow me to amend my Complaint to include reinstatement of my employment, front pay, and for retirement medical health insurance benefits.

20.    A court should allow a plaintiff to amend a complaint for a third time unless there is a clear showing of undue delay, bad faith, repeated failure to address deficiencies, undue prejudice, or futility.   <u>See Sacercote v. New York University</u>, 9 F.4th 95 (2d Cir 2021); <u>See also Schuman v. Visa U.S.A., Inc</u>. 1:24 CV-666-GHW (S.D.N.Y. 2025).  The decision ultimately lies within the court's discretion, guided by the liberal standard of Rule 15(a)(2) USCS Fed Rules Civ. Proc. 15; <u>Foman v. Davis</u>, 371 U.S. 178 (1962); <u>Sacerdote v. New York</u>

University 9 F.4th at 115; <u>Landow v. Wachovia Secs., LLC</u>, 966 F. Supp. 2d 106 (E.D.N.Y. 2013);

<u>Schuman v. Visa U.S.A., Inc</u>. 1:24 CV-666-GHW at 33.

    For the foregoing reasons, I respectfully request that this Court deny the Defendants' Motion to Dismiss in its entirety and grant Plaintiff's Cross-Motion to Amend the Complaint and for any other and further relief that this Court finds just and proper.

October 15, 2025
Staten Island, NY

Alexia Dodd