UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
ALEXIA DODD                                      :
                                                 :
                           Plaintiff,            :        25 Civ. 03450 (JHR) (SLC)
                                                 :
             -against-                           :
                                                 :
STATE OF NEW YORK and the STATE                  :
OF NEW YORK DEPARTMENT OF                        :
MOTOR VEHICLES,                                  :
                                                 :
                           Defendants.           :
-------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER
OPPOSITION TO PLAINTIFF'S APPLICATION
FOR PRELIMINARY INJUNCTIVE RELIEF
AND IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT**


LETITIA JAMES
Attorney General of the
 State of New York
*Attorney for Defendants*
28 Liberty Street
New York, New York 10005
(212) 416-8634


Of Counsel:
  Clement J. Colucci
  Assistant Attorney General

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
ALEXIA DODD                        :

                   :

                Plaintiff,    :       25 Civ. 03450 (JHR) (SLC)

                   :

      -against-             :

                   :

STATE OF NEW YORK and the STATE  :
OF NEW YORK DEPARTMENT OF     :
MOTOR VEHICLES,             :

                   :

          Defendants.   :
-----------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S APPLICATION
FOR PRELIMINARY INJUNCTIVE RELIEF
AND IN FURTHER SUPPORT OF DEFENDANTS'
MOTION TO DISMISS THE COMPLAINT**

Defendants the State of New York and the New York State Department of Motor

Vehicles ("DMV") (together, "Defendants"), by their attorney, Letitia James, Attorney General

of the State of New York, respectfully submit this reply memorandum of law in opposition to

Plaintiff's application for preliminary injunctive relief (ECF 34) and in support of their motion to

dismiss the Second Amended Complaint ("SAC") (ECF 35) for failure to state a claim upon

which relief can be granted. Fed. R. Civ. P. 12(b)(6).

In her most recent papers, Plaintiff states that her application for preliminary injunctive

relief is now moot (ECF 45, Plaintiff's Memorandum of Law, ¶ 13), effectively withdrawing her

application. As the parties do not dispute that her request for preliminary injunctive relief is now

moot, it should be denied. Defendants therefore address only the motion to dismiss.

## PRELIMINARY STATEMENT

The SAC should be dismissed. Neither of the points made in Plaintiff's responsive papers

overcome the need for dismissal.

First, Plaintiff has not pleaded any factual allegations that, if true, would show that she was denied a reasonable accommodation request. Plaintiff spends considerable time complaining that Defendants did not properly implement the accommodation they offered in response to her first accommodation request.[1] (ECF 44, Declaration of Alexia Dodd, ¶¶ 1-3, 7, Exhibits A, D, and F; ECF 45, ¶ 14) But as Defendants have already pointed out, *see* ECF 42, Defendants' Memorandum of Law, p. 2; ECF 41-1, Declaration of Lisa Anson, ¶ 13, Exhibit A, and Plaintiff's own exhibits confirm, Plaintiff herself rejected the accommodation offered, not because Defendants were lax in implementing it, but because, as her papers make clear, she wanted the new accommodation of remote work or transfer instead. (ECF 44, Exhibits A, D, and F) Not only does Plaintiff therefore fail to allege that she was denied a reasonable accommodation, Plaintiff's factually unsupported say-so suggesting that she can perform the essential functions of her job with the accommodation is in direct conflict with the description of the job she alleges she was hired to perform.

Second, to the extent that she seeks as relief a transfer to some unidentified job in some State agency other than DMV, she cannot obtain it from any named Defendant. No DMV official has the power to provide such relief, and plaintiff alleges no wrongdoing by any State official outside of DMV, so no one with the power to hire her in another position can be ordered to hire her. Plaintiff refers to approximately 50 unspecified jobs at unidentified New York State agencies other than DMV for which she believes she is qualified and can perform remotely. (ECF 35, ¶ 22) Plaintiff is free to apply for any such jobs she wishes without this Court's

---

[1]    The Court will recall that plaintiff failed to mention in her SAC (ECF 35) that she had sought and been granted an accommodation and only later sought remote work or a transfer instead.

2

intervention, just like anyone else. If plaintiff is seeking this Court's intervention, however, she has no basis to ask for it.

> An injunction, by its very nature, applies only to a particular group or individuals) and regulates the activities, and perhaps the speech, of that group. *It does so, however, because of the group's past actions in the context of a specific dispute between real parties. The parties seeking the injunction assert a violation of their rights; the court hearing the action is charged with fashioning a remedy for a specific deprivation.*

*Madsen v. Women's Health Ctr.,* 512 U.S. 753, 763 (1994) (emphasis added).

To the extent that plaintiff seeks a transfer to one of those non-DMV jobs, this Court cannot order anyone at DMV to transfer her to a job in another State agency because no one at DMV has the power to make such a transfer. Furthermore, although plaintiff has named the State of New York as a Defendant, she has failed to allege any "violation of [her] rights" by any New York State official outside of DMV, let alone a State official with the power to give her one of those jobs, so there would be no basis for this Court to order any non-DMV official to give her a job.

Third, Plaintiff fails to allege facts tending to show that she was qualified to do the job of a TVB ALJ remotely.

Fourth, Plaintiff fails to allege the existence of a reasonable comparator. The comparator she selected, Natsha Grinberg, has a very different job from a TVB ALJ, and nothing in Plaintiff's papers describes that job or otherwise suggests that they are comparable.

For all these reasons, Defendants' motion to dismiss must be granted.

3

**ARGUMENT**

**PLAINTIFF CANNOT STATE A CLAIM UPON WHICH RELIEF
CAN BE GRANTED BECAUSE SHE FAILS TO ALLEGE THAT HER
ACCOMMODATION REQUEST IS REASONABLE AND THAT SHE CAN PERFORM
THE ESSENTIAL FUNCTIONS OF HER JOB REMOTELY**

To state a claim for failure to accommodate under the Rehabilitation Act, Plaintiff is required to come forward with factual allegations, not mere conclusions, to support her claim that she could perform the essential functions of her job remotely. To do that, Plaintiff must give some factual account of what her job duties involved, and, to the extent that she relies on an alleged comparator, some factual account of how the alleged comparator's duties compared with hers. Plaintiff has utterly failed to do that, and she cannot defeat a motion to dismiss by saying nothing.

Instead of providing the factual allegations necessary to make out her claims, Plaintiff takes exception to Defendants' submitting the missing factual material in support of their motion to dismiss the SAC. (ECF 45, Mem. of Law, ¶ 4) As previously pointed out (ECF 42, p. 2, n. 1) most of the material submitted was the record of the accommodation process and its results, and, therefore, integral to the complaint. To the extent that Plaintiff is complaining about factual material describing the duties of TVB ALJs and Plaintiff's proposed comparator, it was simply necessary for Defendants to provide this information because Plaintiff, who needed to present it to state a claim, did not. The motion should be dismissed not because Defendants' submissions affirmatively show that Plaintiff's threadbare factual allegations are false – although they do -- but because Plaintiff's allegations, utterly lacking in the basic facts concerning her job and its duties or the comparator's job and its duties, are insufficient to state a claim.

**A.      Plaintiff fails to plead factual allegations suggesting that she can perform the essential functions of her job.**

To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court must construe *factual* allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* Plaintiff has failed to plead "factual content" allowing the Court to make out an essential element of her failure-to-accommodate claim – that she can perform the essential duties of her position with the proposed accommodation of remote work. Therefore, the SAC should be dismissed.

To make out a *prima facie* case for failure to accommodate under the Rehabilitation Act, a plaintiff "must establish that (1) she has a disability; (2) the defendant had notice of the disability; (3) she could perform the essential functions of the job with reasonable accommodation; and (4) the defendant refused to make such accommodations." *Kho v. N.Y. & Presbyterian Hosp.*, 344 F. Supp. 3d 705, 721 (S.D.N.Y. 2018) (citing *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 (2d Cir. 2006)). *See also Natofsky v. City of New York,* 921 F.3d 337, 352 (2d Cir. 2019). The decisive issue in this case is whether Plaintiff could perform the essential functions of her job if given the accommodation of full-time home-based work. She could not.

An employee is "otherwise qualified if [s]he can meet all of a position's requirements despite the disability." *See School Bd. of Nassau Cnty. v. Arline,* 480 U.S. 273, 287 (1987); *D'Amico v. City of New York,* 132 F.3d 145, 151 (2d Cir. 1998). "The plaintiff bears the burdens

5

of both production and persuasion as to the existence of some accommodation that would allow her to perform the essential functions of her employment." *McBride v. BIC Consumer Prods. Mfg. Co.,* 583 F.3d 92, 97 (2d Cir. 2009). Plaintiff cannot carry that burden merely by saying she could do the job if she got the accommodation she wanted; she must provide factual allegations.

A complaint "devoid of factual averments supporting the conclusory allegation that [plaintiff] . . . could entirely perform his duties" must be dismissed. *See Stanley v. CUNY,* 18-cv-4844 (PAE), 2023 WL 2714181 at *20 (S.D.N.Y. Mar. 20, 2023). "More is needed to make plausible the allegation that Stanley could have performed all his essential duties from home." *Id.*, citing *Smith v. Town of Ramapo*, 745 F. App'x 424, 426 (2d Cir. 2018) (affirming dismissal of reasonable accommodation claim where complaint did not "plead that following [plaintiff's] injury he could have performed the essential duties of a police officer, either with or without a reasonable accommodation").

Here, the factual allegations contained in the SAC are insufficient to make out a claim for failure to accommodate. In particular, the SAC contains no factual allegations – just Plaintiff's conclusory say-so – that she can perform the essential functions of a TVB ALJ while working remotely. Without such factual allegations, Plaintiff cannot avoid dismissal.

In contrast to Plaintiff, Defendants have explained in detail the essential functions of a TVB ALJ. (ECF 42, pp. 5-7 and sources cited) The essential function of the job is adjudicating traffic violation cases, in person and in high volume, with mostly in-person parties and witnesses, some of whom are required by law to be there. (*Id.*) This is set forth in the posting for Plaintiff's job and incorporated in the SAC. Nothing alleged in the SAC tends to show that Plaintiff can perform this essential function by working remotely.

**B.  Plaintiff's proposed comparator is not substantially similar.**

Plaintiff suggests that a former co-worker, Natasha Grinberg, who works as a Safety and Business Hearing Bureau ALJ, not a Traffic Violations Bureau ALJ, works largely remotely and that, therefore, Plaintiff could do her job remotely as well. (ECF 35, ¶¶ 7, 21; ECF 34, ¶ 18.) While Plaintiffs can compare their own treatment with the treatment afforded similarly-situated employees, the comparator must be similarly situated "in all material respects.' *Ruiz v. County of Rockland,* 609 F.3d 486, 494 (2d Cir 2010) quoting *Shumway v. United Parcel Service, Inc.,* 118 F.3d 60, 64 (2d Cir. 1997). Failure to allege a reasonably similar "a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases," is grounds for dismissal, even on a motion to dismiss. *See Stanley v. CUNY,* 2023 WL 2714181 at *20 (S.D.N.Y. Mar. 30, 2023) (dismissing failure-to-accommodate claim relying on comparators because "the SAC does not plead that the functions of these managers were comparable to Stanley's as a maintenance and labor supervisor"); *Johnson v. New York University,* 17-cv-6184 (VEC), 2018 WL 4908108 at *4-5 (S.D.N.Y. Oct. 10, 2018) (rejecting proposed comparators on a motion to dismiss because "the facts and circumstances of the comparators' cases are not similar to Plaintiff's.").

As already shown, ALJ Grinberg's job is not similarly situated in all material respects to a TVB ALJ.  Indeed, the jobs of TVB ALJs and SHB ALJ's, like Ms. Grinberg, are vastly different, and the ability of ALJ Grinberg to work largely remotely, if so inclined, is compatible with the effective performance of the job's essential functions in a way that remote work for a TVB ALJ is not. (ECF 42, pp. 7-9)

7

## CONCLUSION

For the reasons given, this Court should deny the application for preliminary injunctive relief, dismiss the Second Amended Complaint, and grant any such further relief as the Court deems just and proper.

Dated: New York, New York
        November 10, 2025

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant State of New York*
By:

*Clement J. Colucci*

CLEMENT J. COLUCCI
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8634
Clement.Colucci@ag.ny.gov

**Certification of Compliance with Word Count**

In reliance on the word count feature of the word processing software used to prepare this memorandum, I certify that this brief contains 2176 words, exclusive of the caption, table of contents, table of authorities, and signature block.

*Clement J. Colucci*
Clement J. Colucci

8