UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEXIA DODD<br><br>　　　　　　　　　　Plaintiff,<br><br>　- against -<br><br>STATE OF NEW YORK and the STATE OF NEW YORK DEPARTMENT OF MOTOR VEHICLES,<br><br>　　　　　　　　　　Defendants. | Case No. 25-cv-3450 (JHR) (SLC) |

**DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**

　　　　　　　　　　　　　　　　　　　　LETITIA JAMES
　　　　　　　　　　　　　　　　　　　　Attorney General
　　　　　　　　　　　　　　　　　　　　State of New York
　　　　　　　　　　　　　　　　　　　　28 Liberty Street
　　　　　　　　　　　　　　　　　　　　New York, NY 10005
　　　　　　　　　　　　　　　　　　　　(212) 416-8651
　　　　　　　　　　　　　　　　　　　　*Attorney for Defendants*

ZACHARY MANLEY
Assistant Attorney General
*Of Counsel*

# Table of Contents

PRELIMINARY STATEMENT ........................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND..................................................... 2

LEGAL STANDARD................................................................................................... 5

ARGUMENT ............................................................................................................... 7

    I.    Plaintiff Has Not Carried Her Burden of Pleading that ALJ Grinberg Is an Appropriate Comparator for Plaintiff's Role................................................................................. 7

        A.    Remote Work Accommodation ................................................................. 8

        B.    Transfer Accommodation ........................................................................ 11

CONCLUSION........................................................................................................... 14

WORD COUNT CERTIFICATION .......................................................................... 15

CERTIFICATE OF SERVICE ................................................................................... 16

ii

## *TABLE OF AUTHORITIES*

**Cases**                                                                                                       **Page(s)**

*Adams v. Delta Airlines, Inc.*,
   16 CV 1986 (LB), 2017 WL 9674513 (E.D.N.Y. Dec. 18, 2017)...................................11–12

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................................6

*Bates v. Long Island R. Co.*,
   997 F.2d 1028 (2d Cir.)............................................................................................12

*Bodenmiller v. Cnty. of Suffolk*,
   20-CV-0414 (JMA) (ARL), 2021 WL 4555884 (E.D.N.Y. Aug. 30, 2021) ......................8, 10

*Casey v. Odwalla, Inc.*,
   338 F.3d 284 (S.D.N.Y. 2018)....................................................................................9

*Christopher v. Laidlaw Transit Inc.*,
   899 F. Supp. 1224 (S.D.N.Y. 1995)............................................................................12

*Costabile v. New York City Health and Hospitals Corp.*,
   951 F.3d 77 (2d Cir. 2020)...................................................................................1, 6–7

*Donahue v. Metro. Life Ins. Co.*,
   No. 24-CV-5196 (DEH), 2025 WL 1194390 (S.D.N.Y. Apr. 22, 2025)................................5

*Graham v. Long Island R.R.*,
   230 F.3d 34 (2d Cir. 2000).........................................................................................8

*Johnson v. Andy Frain Servs., Inc.*,
   638 Fed. App'x 68 (2d Cir. 2016).................................................................................9

*Johnson v. New York University*,
   17-cv-6184 (VEC), 2018 WL 4908108 .........................................................................8

*Kaganovich v. McDonough*,
   547 F. Supp. 3d 248 (E.D.N.Y. 2021) ........................................................................11

*Mandell v. Cty. of Suffolk*,
   316 F.3d 368 (2d Cir. 2003).......................................................................................8

*McBride v. BIC Consumer Prod. Mfg. Co.*,
   583 F.3d 92 (2d Cir. 2009)...................................................................................11–12

*McElwee v. County of Orange*,
  700 F.3d 635 (2d Cir. 2012).........................................................................................................7

*Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*,
  815 F. Supp. 2d 679 (S.D.N.Y. 2011)..........................................................................................9

*Nambiar v. Central Orthopedic Group, LLC*,
  158 F.4th 349 (2d Cir. 2025) .......................................................................................................5

*Natofsky v. City of New York*,
  921 F.3d 337 (2d Cir. 2019)..........................................................................................................6

*Needle v. Ailing & Cory, Inc.*,
  88 F. Supp. 2d 100 (W.D.N.Y. 2000) ........................................................................................11

*Neubecker v. New York State, State University of New York, Erie Cmmty. Coll.*,
  18-CV-189V(Sr), 2018 WL 8120391 (W.D.N.Y. Aug. 10, 2018) ...........................................10

*Nine W. LBO Sec. Litig.*,
  87 F.4th 130 (2d Cir. 2023) ..........................................................................................................6

*Parisi v. Coca–Cola Bottling Co.*,
  995 F. Supp. 298 (E.D.N.Y.1998) ..............................................................................................12

*Perkins v. City of New York*,
  No. 22-196, 2023 WL 370906 (2d Cir. Jan. 24, 2023) .................................................................6

*Shannon v. N.Y.C. Transit Auth.*,
  332 F.3d 95 (2d Cir. 2003).............................................................................................................6

*Sherman v. Abengoa, S.A.*,
  156 F.4th 152 (2d Cir. 2025) .....................................................................................................5–6

*Stanley v. CUNY*,
  18 Civ. 4844 (PAE), 2023 WL 2714181 (S.D.N.Y. March 30, 2023) .......................................7–9

*Weslowski v. Zugibe*,
  14 F. Supp. 3d 295 (S.D.N.Y. 2014).............................................................................................9

*Wilson v. Southampton Hosp.*,
  14–cv–5884 (ADS) (GRB), 2015 WL 5124481 (E.D.N.Y. Aug. 28, 2015) ..............................13

*Wolfinger v. Consol. Edison Co. N.Y., Inc.*,
  No. 17-CV-1710, 2018 WL 3637964 (E.D.N.Y. July 31, 2018)...................................................9

## Federal Statutes

28 U.S.C.
    § 636(b)(1) ................................................................................................................1, 5
    §§ 2201 and 2202 ..........................................................................................................4

Rehabilitation Act, 29 U.S.C.
    § 705(9) ........................................................................................................................1
    § 794..........................................................................................................................4, 6

## Rules

Fed. R. Civ. P. 72(b)(2) ........................................................................................................1

Fed. R. Civ. P. 12(b)(6)..........................................................................................................5

Fed. R. Civ. P. 72(b)(3)..........................................................................................................5

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, Defendants State of New York[1] and the New York State Department of Motor Vehicles ("DMV") (collectively, "Defendants") respectfully submit these Objections to the Report and Recommendation of U.S. Magistrate Judge Sarah L. Cave, dated January 27, 2026, which recommended the denial of their motion to dismiss the Second Amended Complaint ("SAC") filed on July 17, 2025. *See* ECF 55 (the "Report") at 2.

## PRELIMINARY STATEMENT

For two weeks in the spring of 2025, Ms. Alexia Dodd ("Plaintiff" or "Ms. Dodd") worked as an Administrative Law Judge in the Richmond County office of DMV's Traffic Violations Bureau ("TVB"). Plaintiff alleges that she has a respiratory condition, severe persistent allergy-induced asthma, which qualifies as a disability under the Rehabilitation Act, 29 U.S.C. § 705(9). Plaintiff alleges that the spraying of aerosol cleaners in the DMV's Richmond County offices and courtrooms caused her respiratory distress. Plaintiff alleges in her Second Amended Complaint ("SAC") that she seeks one of three reasonable accommodations: 1) to stop spraying aerosols in her workspaces (the "aerosol accommodation"); 2) to allow her to work remotely (the "remote work accommodation"); and 3) to transfer her to another position in which she could work remotely (the "transfer accommodation"). SAC, ECF 35 ¶ 21.

In her Report, Judge Cave recommended that the Court deny Defendants' motion to dismiss because Plaintiff had alleged that the aerosol accommodation, remote work accommodation, and transfer accommodations were reasonable. *See* Report at 19–21.

---

[1] In a separate, forthcoming motion, Defendants intend to move for judgment on the pleadings that Plaintiff's claims against the State of New York be denied and the State be dismissed from this action because the State was not Plaintiff's employer, and Rehabilitation Act claims may only be brought against an employer. *See Costabile v. N.Y.C. Health and Hosps. Corp.*, 951 F.3d 77, 81 (2d Cir. 2020) (the *prima facie* Rehabilitation Act case requires the plaintiff to show that "*an employer* covered by the statute had notice of h[er] disability") (emphasis added) (citation omitted).

Defendants respectfully object to the section of Judge Cave's report in which she held that she could not say that Plaintiff's request to work remotely or be transferred was unreasonable as a matter of law because Dodd had alleged a comparator. *See id.* at 20. Defendants respectfully submit that this portion of the recommendation was incorrect because it imposed a lower pleading burden on Plaintiff than that required by the law. Where a plaintiff seeks to bring a reasonable accommodation suit relying on comparators, it is the plaintiff's burden to allege facts that demonstrate the identified coworker is an apt comparator for the plaintiff. Plaintiff failed to allege any facts that show that ALJ Grinberg is an apt comparator for her. Thus, this Court should hold that ALJ Grinberg is an inapt comparator for Plaintiff and dismiss Plaintiff's claims relating to the remote work accommodation. Similarly, this Court should dismiss Plaintiff's claims relating to the transfer accommodation because, despite the fact that government job postings are publicly available, Plaintiff has failed to plead a specific position to which DMV should have transferred her, let alone plausibly pled why such a position was suitable for her.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff Alexia Dodd worked for DMV as a TVB ALJ for two weeks in March and April 2025. *See* SAC ¶¶ 6, 14, 17. The primary responsibilities for a TVB ALJ include holding hearings and issuing decisions in cases involving traffic violations and related administrative matters. *See* SAC ¶ 7.

---

[2] For purposes of this motion, the facts and background rely only on allegations made by Plaintiff and on certain documents that Magistrate Judge Cave held could be considered on a motion to dismiss because, for example, they were incorporated by reference. Report at 3. Many other documents were submitted by Defendants in opposition to Plaintiff's motion for a preliminary injunction, a motion that was simultaneously briefed with Defendants' motion to dismiss. Defendants do not seek to challenge Magistrate Judge Cave's recommendations regarding which of those documents could be considered in relation to the motion to dismiss, as opposed to the preliminary injunction motion.

On March 19, 2025, Plaintiff emailed Michael Schiavo, the Senior ALJ in DMV's Richmond County TVB office and Plaintiff's supervisor, to inform him that she had "diagnosed allergic rhinitis and asthma," that she was "allergic to sprays like air fresheners," and that she was "particularly allergic to lysol." *See* ECF 41-4 ("Anson Decl.") at 9. On March 21, 2025, Plaintiff emailed Schiavo to ask DMV to order a "special medical mask" for Plaintiff to wear in the office to manage her asthma. *Id.* at 8. On Mach 24, 2025, Plaintiff submitted a reasonable accommodation request seeking "a specialty medical grade mask(s) to prevent [her] breathing in of any spray aerosols including Lysol, because breathing in of these aerosols can cause [her] severe respiratory distress." *Id.* at 7. On March 28, 2025, Lisa Anson, an HR Specialist in the DMV's Office of Diversity, Equity, and Inclusion, emailed Plaintiff about her mask request. *Id.* at 16. Over the course of several emails between March 28 and April 4, 2025, Anson asked Plaintiff follow up questions regarding Plaintiff's respiratory condition and the steps DMV could take to accommodate Plaintiff's respiratory condition. *See id.* at 12–16 (asking whether Plaintiff had a preferred mask, whether air purifiers would help accommodate Plaintiff's condition, and whether there were cleaning products DMV could us in Plaintiff's office to which Plaintiff was not allergic).

On April 9, 2025, Anson emailed Plaintiff to notify her that Plaintiff's request for an accommodation had been granted. *See id.* at 27. Anson's email included an attached form that detailed Plaintiff's accommodation: she would be "provided disposable masks, Seventh Generation cleaning products for the office, and 4 air purifier [sic.] for each of [her] workstations (3 court rooms and [her] desk)." *Id.* at 28. The form contained space at the bottom for Plaintiff to indicate her acceptance or rejection of the accommodation. *Id.* On April 16, Anson emailed Plaintiff a letter that said [i]n the absence of [Plaintiff's] acceptance of the offered

3

accommodation, the NYS Department of Motor Vehicles considers your Reasonable Accommodation accepted." *Id.* at 29–30.

The same day, Plaintiff emailed Anson saying the accommodation was "wholly inadequate." *Id.* at 31. Plaintiff wrote that her exposure to Lysol and other sprayed chemicals in the DMV offices triggered her respiratory symptoms. *See id.* Plaintiff stated she needed "the accommodation of performing [her] work remotely." *Id.* On April 18, Plaintiff submitted another reasonable accommodation request form seeking a remote work accommodation. *Id.* at 34–35. On April 22, 2025, Anson emailed Plaintiff to inform her that Anson had looked into Plaintiff's concern regarding the accommodation DMV had provided. *Id.* at 40. Anson wrote that the air purifiers were set up in Plaintiff's workspaces and that Schiavo had removed the Lysol spray cans on April 14 and replaced them with the cleaning products that Plaintiff approved. *Id.* On April 23, Plaintiff responded, making clear that she had rejected DMV's reasonable accommodations plan, writing that she had gotten sick with respiratory issues and attributing her illness to her time in DMV's offices. *Id.* On May 16, 2025, Anson informed Plaintiff that DMV had rejected her remote work accommodation request because Plaintiff "would not be able to perform the essential functions of [her] position." *Id.* at 52. Additionally, Anson informed Plaintiff: "Our office inquired and learned that there is no opportunity for a voluntary reassignment or transfer to a vacancy for which you are qualified, because a vacancy does not exist at this time." *Id.*

On April 25, 2025, Plaintiff initiated this case via order to show cause seeking a temporary restraining order and preliminary injunction. *See* ECF 1. Plaintiff sued under 28 U.S.C. §§ 2201 and 2202 seeking a declaratory judgment that State Defendants violated her rights under Section 504 of the Rehabilitation Act by failing to reasonably accommodate her.

SAC ¶ 1. Plaintiff alleges that she seeks one of the following three accommodations from Defendants: the aerosol, remote work, or transfer accommodation. Plaintiff correctly does not allege she ever asked DMV for a transfer accommodation prior to this lawsuit. Defendants moved to dismiss the SAC, arguing that Plaintiff's SAC failed to state a claim upon which relief could be granted because Plaintiff could not perform the essential functions of her job with her requested reasonable accommodation of remote work. *See* ECF 42 at 23–25. On January 27, 2026, Judge Cave filed her Report and Recommendation in which she recommended the Court deny Defendants' motion to dismiss. Report at 19.

## LEGAL STANDARD

For dispositive motions, "any part of the magistrate judge's recommendation that has been properly objected to must be reviewed by the district judge *de novo*." *Nambiar v. Cent. Orthopedic Grp., LLC*, 158 F.4th 349, 358 (2d Cir. 2025) (citation omitted). "A district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.'" *Donahue v. Metro. Life Ins. Co.*, No. 24-CV-5196 (DEH), 2025 WL 1194390, at *1 (S.D.N.Y. Apr. 22, 2025) (quoting 28 U.S.C. § 636(b)(1)(C)). "A district court 'must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to.'" *Id.* (quoting Fed. R. Civ. P. 72(b)(3)). Here, the Court should review *de novo* the Report to the extent that it recommends denying Defendants' motion to dismiss the portion of the complaint that relates to the remote work and transfer accommodations.

Defendants moved to dismiss the SAC in its entirety for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Sherman v. Abengoa, S.A.*, 156 F.4th 152, 162 (2d Cir. 2025) (quoting *Ashcroft v.*

5

*Iqbal,* 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The court must "accept the material facts alleged in the complaint as true and draw all reasonable inferences in favor of the plaintiff." *Sherman*, 156 F.4th at 162 (quoting *In re Nine W. LBO Sec. Litig.*, 87 F.4th 130, 140 (2d Cir. 2023)). However, courts do not credit "'mere conclusory statements,' '[t]hreadbare recitals of the elements of a cause of action,' or 'a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

The Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability in the United States ... shall, solely by reason of her or his disability, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

> To establish a prima facie case of discrimination under the Rehabilitation Act based on an employer's failure to accommodate a disability, a plaintiff must demonstrate that "(1) the plaintiff is a person with a disability under the meaning of the statute in question; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation, plaintiff could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations.

*Costabile v. N.Y.C. Health and Hosps. Corp.*, 951 F.3d 77, 81 (2d Cir. 2020) (quoting *Natofsky v. City of New York*, 921 F.3d 337, 352 (2d Cir. 2019)). Courts will look at whether a plaintiff has plausibly pled all four elements of that case in determining whether the complaint states a claim. *See id.*

> The Rehabilitation Act "contemplates that employers will engage in an interactive process with their employees and in that way work together to assess whether an employee's disability can be reasonably accommodated." *Perkins v. City of New York*, No. 22-196, 2023 WL 370906, at *3 (2d Cir. Jan. 24, 2023) (citation omitted). "[A] refusal of a request for a reasonable accommodation can be both actual or constructive, as an indeterminate delay has the same effect as an outright denial." *Id.* (citation omitted). Yet "[a] reasonable accommodation can never involve the elimination of an essential function of a job." *Shannon v. N.Y.C. Transit Auth.*, 332

6

F.3d 95, 100 (2d Cir. 2003). And "an employee may not recover based on his employer's failure to engage in an interactive process if he cannot show that a reasonable accommodation existed at the time of his dismissal." *McElwee v. County of Orange*, 700 F.3d 635, 642 (2d Cir. 2012).

*Stanley v. CUNY*, 18 Civ. 4844 (PAE), 2023 WL 2714181, at *19 (S.D.N.Y. March 30, 2023) (granting motion to dismiss).

## ARGUMENT

I.     **Plaintiff Has Not Carried Her Burden of Pleading that ALJ Grinberg Is an Appropriate Comparator for Plaintiff's Role**

Judge Cave correctly "plausibly infer[red] that the essential functions of an MV Referee [Plaintiff's position] include at least two days per week of in-person work" and also correctly found that nothing in the allegations of the complaint showed how a fully remote work accommodation or, presumably, a transfer would allow her to perform those functions. Report at 18–19. Judge Cave nevertheless found that because Plaintiff pointed to ALJ Grinberg as one example of a DMV ALJ who worked remotely, Plaintiff's allegations for both the remote work and transfer accommodations were sufficient to survive a motion to dismiss. Report at 21. Defendants respectfully submit that this portion of the Recommendation was incorrect.

As an initial matter, Defendants note the tension between Judge Cave's finding in Section III(B)(2)(a)(ii) of her Report (pages 17–18) that Plaintiff failed to allege that she could perform her job's essential functions with a full-time remote work accommodation, and Judge Cave's finding in Section III(B)(2)(a)(iii) (page 20) that the remote work or transfer accommodations were not unreasonable as a matter of law. Judge Cave's finding in Section III(B)(2)(a)(ii) should have been the end of the analysis as to the remote work and transfer accommodation, because it means that Plaintiff has failed to plausibly allege that "with reasonable accommodation, plaintiff could perform the essential functions of the job at issue." *Costabile*, 951 F.3d at 81. Even setting that issue aside, however, Defendants respectfully submit

7

that Plaintiff's allegations regarding ALJ Grinberg are not sufficient to plausibly allege that the remote work and transfer accommodations were reasonable.

### A. Remote Work Accommodation

Regarding the remote work accommodation, Plaintiff failed to allege sufficient facts suggesting that ALJ Grinberg was a proper comparator for Plaintiff's position. "[W]hen plaintiffs rely on disparate treatment evidence to support an inference of discrimination, they must show that they are 'similarly situated in all material respects' to those with whom they compare themselves," *Johnson v. New York University*, 17-cv-6184 (VEC), 2018 WL 4908108, at *4 (S.D.N.Y. Oct. 10, 2018) (quoting *Mandell v. Cty. of Suffolk*, 316 F.3d 368, 379 (2d Cir. 2003)) (internal quotation marks omitted), and that there "needs to be 'a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases . . .'" *id.* (quoting *Graham v. Long Island R.R.*, 230 F.3d 34, 40 (2d Cir. 2000)). Failure to allege "a reasonably close resemblance of the facts and circumstances of plaintiff's and comparator's cases," is grounds for dismissal, even on a motion to dismiss. *Id.* (rejecting proposed comparators on a motion to dismiss because "the facts and circumstances of the comparators' cases are not similar to Plaintiff's."); *see also Stanley*, 2023 WL 2714181 at *20 (dismissing failure-to-accommodate claim relying on comparators because "the SAC does not plead that the functions of these managers were comparable to Stanley's as a maintenance and labor supervisor"); *Bodenmiller v. Cnty. of Suffolk*, 20-CV-0414 (JMA) (ARL), 2021 WL 4555884, at *8 (E.D.N.Y. Aug. 30, 2021) ("Although the question of whether an employee is similarly situated to the plaintiff is generally a question of fact for the jury to decide, courts in this Circuit have held that the plaintiff must at least plead allegations from which it is plausible to conclude that the comparators are similarly situated.") (citing *Wolfinger v. Consol. Edison Co. N.Y., Inc.*,

No. 17-CV-1710, 2018 WL 3637964, *8 (E.D.N.Y. July 31, 2018), *Weslowski v. Zugibe*, 14 F. Supp. 3d 295, 319 (S.D.N.Y. 2014), and *Mosdos Chofetz Chaim, Inc. v. Vill. of Wesley Hills*, 815 F. Supp. 2d 679, 698 (S.D.N.Y. 2011)).

Plaintiff did not include any factual allegations about ALJ Grinberg's position, and her job duties in that position, in her SAC.[3] As to ALJ Grinberg, Plaintiff has only alleged that ALJ Grinberg does not have a documented disability and that "the defendants can allow [Plaintiff] to conduct hearings remotely because another DMV Administrative Law Judge, ALJ Grinberg, does all of her hearings / work remotely from out of state with the exception of appearing 1 day per month at the Richmond County DMV." SAC ¶ 21; *see also* ¶ 23. Plaintiff notably does *not* allege that ALJ Grinberg is a TVB ALJ, like she was. When plaintiffs relying on disparate treatment evidence fail to allege that their comparators had "similar job descriptions or responsibilities," they do not meet their burden on a motion to dismiss. *Johnson v. Andy Frain Servs., Inc.*, 638 Fed. App'x 68, 70 (2d Cir. 2016); *see also Stanley*, 2023 WL 2714181 at *20 (Because SAC did not plead that the other managers' functions were comparable to Stanley's, the SAC did not "plausibly plead that, at the time CUNY denied Stanley's request to work remotely indefinitely, this request was a reasonable accommodation pursuant to which he could have performed the essential functions of his job."), *Wolfinger*, 2018 WL 3637964, at *9 ("Without any information about Plaintiff's allegedly similarly situated comparator, the court is

---

[3] Defendants do not challenge Judge Cave's recommendation that the facts contained in Defendants' declarations regarding ALJ Grinberg's role cannot be considered on a motion to dismiss. However, the Court can take judicial notice of the fact that DMV employs different kinds of ALJs because that information is publicly available. *See Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 294 (S.D.N.Y. 2018) ("Courts may take judicial notice of public documents or matters of public record.") (citation omitted); *compare Traffic Violations Bureau*, DEP'T OF MOTOR VEHICLES, https://dmv.ny.gov/tickets/traffic-violations-bureau (last visited February 10, 2026) *with Safety and Business Hearings*, DEP'T OF MOTOR VEHICLES, https://dmv.ny.gov/tickets/safety-and-business-hearings (last visited February 10, 2026). Thus, Plaintiff's failure to allege which position ALJ Grinberg holds, and how ALJ Grinberg's position is comparable to a TVB ALJ, is more than just a minor oversight.

unable to find that Defendant engaged in a pattern of disparate treatment rising to the level of unlawful discrimination.").

For example, in *Bodenmiller*, the plaintiff alleged that the defendants had "intentionally treated plaintiff differently from others similarly situated; including other SCPD police officers who have been placed on 401 paid leave status." 2021 WL 4555884, at *8. The magistrate judge wrote that "[t]hese allegations fall far short of what is required to allege a claim for disparate treatment" because the plaintiff "failed to allege that the comparators 'had similar job descriptions or responsibilities or were subject to the same performance evaluation or disciplinary standards.'" *Id.* (quoting *Neubecker v. New York State, State University of New York, Erie Cmmty. Coll.*, 18-CV-189V(Sr), 2018 WL 8120391, at *2 (W.D.N.Y. Aug. 10, 2018)). Like in *Bodenmiller*, plaintiff here has "failed to offer a single allegation directed to disability discrimination, other than h[er] allegation that these purported comparators were treated differently." *Id.* Plaintiff's only allegation regarding her comparator is that ALJ Grinberg is a DMV ALJ and that she does her work remotely. Plaintiff does not make any allegations regarding ALJ Grinberg's job description or her responsibilities. Because Plaintiff does not allege that ALJ Grinberg's job description or responsibilities were similar to her own, this Court should dismiss Plaintiff's allegations related to her remote work accommodation.

In addition, the Court should dismiss Plaintiff's remote work accommodation allegations with prejudice because amendment would be futile. Plaintiff cannot allege that her position and ALJ Grinberg's position are comparable. *See generally* O'Shea Decl., ECF 41-3 (detailing the differences between TVB ALJs like Plaintiff and Safety and Business Hearing Bureau ("SHB") ALJs like ALJ Grinberg and explaining why SHB ALJs can work remotely while TVB ALJs must conduct their hearings in-person).

10

### B. Transfer Accommodation

As for Plaintiff's request for a "transfer" accommodation, *i.e.* "transfer[ing] her to another position where she could work remotely," Report at 18, the Report does not make clear why the existence of ALJ Grinberg would render Plaintiff's request for a transfer a reasonable accommodation. The most likely reason is that Judge Cave combined the existence of an alleged remote work comparator with Plaintiff's allegation that there are "several vacant attorney positions available" to suggest that Plaintiff had adequately pled that transferring her to another position was a reasonable accommodation. Report at 19–21. But this pleading was far too conclusory.

To recover for a "failure to reasonably accommodate by transfer, a plaintiff bears the burden of establishing that a vacancy existed into which he or she might have been transferred, and that [she] possessed the requisite skills for that position." *Adams v. Delta Airlines, Inc.*, 16 CV 1986 (KAM) (LB), 2017 WL 9674513, at *6 (E.D.N.Y. Dec. 18, 2017) (quoting *Needle v. Ailing & Cory, Inc.*, 88 F. Supp. 2d 100, 106–07 (W.D.N.Y. 2000), *R&R adopted in relevant part*, 2018 WL 1532434, at *7 (E.D.N.Y. Mar. 29, 2018). "[A] plaintiff 'does not satisfy her burden to identify a potential accommodation merely by reciting the formula that her employer could have reassigned her. Instead, she must demonstrate the existence, at or around the time when accommodation was sought, of an existing vacant position to which she could have been reassigned.'" *Adams*, 2018 WL 1532434, at *7 (quoting *McBride v. BIC Consumer Prod. Mfg. Co.*, 583 F.3d 92, 97–98 (2d Cir. 2009)). "As a matter of law, 'an employer need not reassign an employee if no position is vacant. Nor is the employer obliged to create a new position to accommodate the employee.'" *Kaganovich v. McDonough*, 547 F. Supp. 3d 248, 264 (E.D.N.Y. 2021) (quoting *Norville v. State Island U. Hosp.*, 196 F.3d 89, 99 (2d Cir 1999)).

11

Moreover, "there is no general duty to transfer a disabled employee unable to perform one job to another available position, absent some showing . . . of a contractual right to transfer or an established policy of such transfers." *Parisi v. Coca–Cola Bottling Co.*, 995 F. Supp. 298, 303 (E.D.N.Y.1998), *aff'd*, 172 F.3d 38 (2d Cir.1998) (citing *Bates v. Long Island R. Co.*, 997 F.2d 1028, 1035 (2d Cir.)). "[A]n employer need not 'provide disabled employees with alternative employment when the employee is unable to meet the demands of his present position.'" *Id.* (quoting *Christopher v. Laidlaw Transit Inc.*, 899 F. Supp. 1224, 1227 (S.D.N.Y. 1995). "The interpretive guideline issued by the EEOC requires transfer only where an equivalent—*similar*—vacant position for which the employee is qualified exists." *Id.* (citations omitted) (emphasis in original).

In *Adams*, the plaintiff alleged that she "attended a meeting with Delta representatives to discuss reasonable accommodations" and requested a "vacant position of flight attendant[.]" 2017 WL 9674513, at *2. The magistrate judge wrote that the plaintiff's "allegations regarding a flight attendant position are insufficient to show that 'there existed a vacant position at [Delta] for which she was qualified and reassignment to which would not have involved her promotion.'" *Id.* at *6 (quoting *McBride*, 583 F.3d at 99). As a result, the magistrate recommended that the court grant the defendants' "motion to dismiss plaintiff's claim regarding a flight attendant position." *Id.*

Like the plaintiff in *Adams*, Plaintiff (1) has not identified a specific TVB ALJ or "equivalent" vacancy at DMV at the time she believed DMV should have transferred her, despite the fact that DMV job postings are publicly available,[4] (2) has not alleged that any such position

---

[4] As noted above, Plaintiff does not actually allege that she ever requested a transfer. Defendants presume that she believes DMV should have transferred her at the time that she requested a remote work accommodation. DMV job postings are available here: https://statejobs.ny.gov/employees/vacancy Table.cfm?searchResults=Yes&Keywords=&title=&JurisClassID=&AgID=189&isnyhelp=&minDate=&

allowed fully remote work (part of her requested accommodation, *see* Report at 18), and (3) has not plausibly alleged her qualifications for the position to the extent it was one other than a TVB ALJ. *See* SAC ¶ 22 (conclusory allegation that DMV had vacant positions without enumerating them, without stating that any of these positions allowed remote work, and without stating her qualifications). Indeed, in correspondence to Plaintiff that Judge Cave correctly held was incorporated by reference into the complaint (*see* Report at 3), DMV informed Plaintiff that "[o]ur office inquired and learned that there is no opportunity for a voluntary reassignment or transfer to a vacancy for which you are qualified, because a vacancy does not exist at this time." Anson Decl. at 52. For Plaintiff's transfer complaint to state a claim, she would need to plausibly allege that DMV was mistaken, including alleging why. Because Plaintiff has not sufficiently pled the existence of DMV vacancies for which she was qualified and that would allow her to work remotely, the Court should dismiss Plaintiff's transfer accommodation request. *Cf. Wilson v. Southampton Hosp.*, 14–cv–5884 (ADS) (GRB), 2015 WL 5124481, at *16–17 (E.D.N.Y. Aug. 28, 2015) (denying the motion to dismiss plaintiff's transfer request because the plaintiff alleged that positions which included her requested accommodation were "vacant at the time she sought reinstatement").

Finally, Defendants did not read the Report to suggest that a "transfer" to another agency was a reasonable accommodation. To the extent the Report did intend to make such a recommendation, *see* Report at 9, Plaintiff has failed to state a claim for that transfer because she has not alleged and cannot allege that DMV has the power to transfer her to another agency, and has not plausibly alleged how "New York" could do so. Moreover, even if Plaintiff were able to

---

maxDate=&employmentType=&gradeCompareType=GT&grade=&SalMin= (last visited February 13, 2026). The Court can take judicial notice of the existence of this website, to the extent it is relevant to its analysis. *See supra* at 9, n.3.

overcome that burden, she has not, and could not, allege that a position at a completely different agency would constitute a transfer to a position that is "equivalent" to the TVB ALJ position. *See supra* at 12.

## CONCLUSION

For the foregoing reasons, upon *de novo* review of the Report, Defendants ask that the Court enter an order dismissing Plaintiff's claims regarding her remote work transfer accommodations and clarifying that this case will proceed only as to Plaintiff's allegations that she might perform the essential functions of her job with the aerosol accommodation. Defendants also ask that the Court grant such other and further relief as the Court deems proper.

Dated:  New York, New York
         February 17, 2026

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants*


By:
 /s/ *Zachary Manley*
Zachary Manley
Assistant Attorney General
28 Liberty Street
New York, New York 10005
Tel: (212) 416-6690
Zachary.Manley@ag.ny.gov

14

**WORD COUNT CERTIFICATION**

In accordance with Rule 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York and the Court's Individual Practices, I hereby certify that Defendants Objections to Magistrate Judge Cave's Report and Recommendation contains 4492 words (including footnotes), exclusive of cover page, tables of contents and authorities, and signature block, as established using the word count function of Microsoft Word.

By:
*/s/ Zachary Manley*
Zachary Manley
Assistant Attorney General

15

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2026, I served a copy of the foregoing Defendants'

Objections to Magistrate Judge's Report and Recommendation by the Court's ECF system upon

Plaintiff *pro se* Alexia Dodd.


/s/ *Zachary Manley*
Zachary Manley
Assistant Attorney General

16